FILED

MAR 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FREDERICK MAWALLA,                          )
509 CASTLEFORD ST.,                         )
ROCKVILLE, MD 20851                         )
                                            )
      Plaintiff,                        )
                                            )   CIVIL ACTION NO.
    v.                                     )
                                            )
MICHAEL CHERTOFF, Secretary,                )
U.S. Department of Homeland Security,       )
                                            )   CASE NUMBER   1:06CV00584
EDUARDO AGUIRRE, Director,                   )
United States Citizenship and Immigration   )   JUDGE: Rosemary M. Collyer
Service,                                    )
                                            )   DECK TYPE: Administrative Agency Rev
RICHARD CATERISANO, District Dir.,          )
United States Citizenship and Immigration   )   DATE STAMP: 03/30/2006
Service in Baltimore, MD,                   )
                                            )
      Defendants.                       )
                                            )
                                            )
_____ )


## COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

     Plaintiff, Frederick Mawalla, by and through counsel, hereby submits the

following complaint and request for declaratory judgment pursuant to 5 U.S.C. §§ 701-

706 and 28 U.S.C. §§ 2201, 2202 against Defendant, Michael Chertoff, in his capacity as

Secretary of the Department of Homeland Security, and alleges the following:


PRELIMINARY STATEMENT

1.   The Plaintiff brings this action to address the failure and refusal of the

    Department of Homeland Security (DHS) and the United States Citizenship and

Immigration Service (USCIS) to adjust his immigrant status to that of a permanent resident even though the Plaintiff meets the eligibility requirements set forth in section 204(j) of the Immigration and Nationality Act, 8 U.S.C. 1154(j), as amended by the American Competitiveness in the Twenty-First Century Act of 2000, Pub. L. No. 106-313, 114 Stat. 1251, 1254 ("AC21").

2. AC21 allows for approval of employment-based adjustment of status applications through an employment offer other than the one contained in the labor certification and in the Immigrant Petition for Alien Worker (I-140), *if* the alien's Application to Register Permanent Residence of Adjust Status (Form I-485) has been pending with USCIS for more than 180 days *and* the new job is the same as, or similar to, the job described in the labor certification and I-140 Petition.

3. In order for an immigrant alien to adjust his status to that of a permanent resident based on his employment, the alien's employer must file an I-140 Immigrant Petition for Alien Worker with the alien as beneficiary to establish eligibility for adjustment. Once eligibility is established, the alien must file an I-485 Application for Adjustment with USCIS.

4. The Plaintiff, Mr. Mawalla, received both his labor certification and his I-140 Petition approval while employed as an engineer with Intelsat Global Service Corporation in Washington, DC.

5. After his I-485 had been pending for approximately 305 days, USCIS revoked the Plaintiff's I-140 because Intelsat, Mr. Mawalla's employer, had withdrawn its support for the Petition.

6.  USCIS then denied the Plaintiff's adjustment application (I-485) because the underlying I-140 Petition had been revoked.

7.  **This is precisely the type of situation that AC21 was enacted to cure**. AC21 explicitly provides an immigrant alien with the flexibility to substitute the employer forming the basis of the I-140 Petition. Congress enacted this legislation in recognition that USCIS's *long* waiting periods for adjustment of status make it likely that the immigrant alien at some point will need to switch jobs. AC21 allows the alien to switch his employment and still be eligible for adjustment if the new job or offer of employment is the same or similar to the job that *originally* formed the basis of the I-140 Petition.

8.  In a Notice of Intent to Deny (the Plaintiff's I-485 Application for Adjustment), USCIS informed Mr. Mawalla that he may be eligible for adjustment pursuant to AC21 and instructed him to submit additional evidence to establish his eligibility.

9.  Mr. Mawalla submitted *all* the requisite additional evidence, which established that the Plaintiff was and *is* prima facie eligible for adjustment under AC21 because his I-485 had been pending for over 300 days and he had a new, valid offer of employment as an engineer.

10. Even though the Plaintiff submitted all of the necessary documents to establish his eligibility under AC21, USCIS denied his I-485 Application for Adjustment.

11. The Plaintiff brings this action to redress the DHS and USCIS's erroneous denial of his I-485 Application for Adjustment of Status. AC21 makes Mr. Mawalla eligible for adjustment and his Application should have been approved. The purpose of AC21 was to provide professional flexibility for people in Mr.

3

Mawalla's circumstances. The Defendant's actions constitute an illegal, arbitrary, and capricious abuse of discretion. The Plaintiff seeks this declaratory judgment to require USCIS to re-adjudicate and approve his I-485 Application in light of his eligibility under AC21.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises from a federal statute: INA § 204(j), 8 U.S.C. §1154(j).

13. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act) and 5 U.S.C. §§ 701-706 (Administrative Procedures Act).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because the Defendant, Michael Chertoff, resides in this judicial district and a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.

## PARTIES

15. The Plaintiff, Frederick Mawalla, is a native of Tanzania and he resides in Rockville, Maryland. Mr. Mawalla has a wife, Eunice, and three children, Koichi, Sombiro, and Wene. The Plaintiff's wife and three children are derivative beneficiaries of his I-140 Petition and I-485 Application for Adjustment, and thus, their approval for adjustment of status will be based on the primary beneficiary's (Mr. Mawalla's) AC21 eligibility.

4

16. The Defendant, Michael Chertoff, is the United States Secretary of the Department of Homeland Security and he is being sued in his official capacity. Mr. Chertoff is responsible for the administration of AC21. 8 CFR pts. 1, 2, 103, 239 (2006); 68 Fed. Reg. 10922-01 (March 6, 2003).

17. The Defendant, Eduardo Aguirre, is the Director of USCIS and he is being sued in his official capacity.

18. The Defendant, Richard Caterisano, is the District Director of USCIS and he is being sued in his official capacity.

## FACTS

19. Mr. Mawalla re-alleges paragraphs 1-18 of this Complaint as set forth fully herein.

20. The eligibility requirements under § 106(c) of AC21 are:

    a.  An Application for Adjustment of Status (I-485) must be pending, unadjudicated for 180 days or more; *and*

    b.  The immigrant alien's new job or job offer must be the same as, or similar to, the job described in the labor certification and I-140 Petition.

21. On March 18, 2002, the U.S. Department of Labor approved the Plaintiff's Application for Alien Labor Certification (ETA-750). (Attachment A).

22. On November 1, 2002, USCIS approved Mr. Mawalla's I-140 Petition, filed on his behalf by his previous employer, Intelsat Global Service Corporation. (Attachment B).

5

23. On April 26, 2004, Mr. Mawalla filed an I-485 Application to adjust his status to that of a permanent resident, and the I-485 was received by USCIS on April 29, 2004. (Attachment C).

24. On March 1, 2005, the Plaintiff's I-140 was revoked by USCIS. **THE I-485 HAD BEEN PENDING FOR MORE THAN 10 MONTHS (ROUGHLY 305 DAYS).**

25. On March 11, 2005, USCIS issued a Notice of Intent to Deny Mr. Mawalla's I-485 Application for Adjustment of Status. (Attachment D). The USCIS requested additional evidence to establish that the plaintiff was eligible to adjust status pursuant to § 106(c) of AC21. USCIS instructed Mr. Mawalla that in order for the validity of his I-140 Petition to be preserved, he had to submit:

   a. A written request to have the I-485 Application considered under § 106(c) of the AC21 Act; and

   b. An original letter on company letterhead outlining the employment or offer of employment by a current or prospective employer, and containing a detailed description of the offered position, duties, remuneration, and prospect for continued employment.

26. On April 6, 2005, <u>the Plaintiff timely and properly responded to the Notice of Intent to Deny and submitted all additional evidence requested by USCIS</u>. (Attachment E), including:

   a. A written request for consideration under AC21 (Attachment E-1);

      b.  An original letter on company letterhead outlining the offer of employment by a prospective employer, *Bethesda Asphalt & Bituminous Co.* (Attachment E-2);

          i.  This new offer of employment was for an engineer position. The duties involved were the same as or similar to Mr. Mawalla's duties when he was employed by Intelsat Global Service Corporation.

      c.  A notice from the Plaintiff, accepting employment. (Attachment E-3);

**The evidence submitted established Mr. Mawalla's prima facie eligibility for adjustment of status pursuant to § 106(c) of AC21.**

27. On June 29, 2005, **USCIS denied the Plaintiff's I-485 Application even though Mr. Mawalla had provided USCIS with all of the requested documents that demonstrated his eligibility for adjustment of status to that of a permanent resident.** (Attachment F).

28. On July 18, 2005, the Plaintiff, through his former counsel, Dennis Baird, filed a Motion to Reopen/Reconsider with the Vermont Service Center for USCIS, stating and explaining the Plaintiff's eligibility under AC21. (Attachment G).

29. On August 29, 2005, USCIS dismissed the Motion for failure to provide new facts or give reasons for reconsideration. (Exhibit H).

30. On September 26, 2005, an additional Motion to Reopen/Reconsider was filed by undersigned counsel. (Exhibit I). The Motion re-iterated Mr. Mawalla's eligibility under AC21 and urged the USCIS to adjust the Plaintiff's status to that of a permanent resident.

31. On March 13, 2006, USCIS dismissed Mr. Mawalla's second Motion to
Reopen/Reconsider for failure to provide new facts or give reasons for
reconsideration. (Attachment ___).

## INJURY TO PLAINTIFF

32. Mr. Mawalla re-alleges paragraphs 1-31 above as if set forth fully herein.

33. The Plaintiff, Mr. Mawalla, his wife, and his three children have been unable to
stabilize their lives in the United States. Their immigration status has been *and
will continue to be* uncertain.

34. The Plaintiff has lost significant work time and will continue to do so while
pursuing his adjustment application, making inquiries at USCIS offices, meeting
with counsel, and otherwise pursuing his delayed residency.

35. Because the Defendant erroneously denied Mr. Mawalla's I-485, the Plaintiff has
had to submit to repeated fingerprinting, resulting in significant out-of-pocket
expenses, including attorney's fees, inconvenience, and loss of wages.

36. The Defendant has administered the immigration laws by ad hoc memoranda and
unwritten policy rather than by regulations. Several laws remain as bare statutes
without implementing regulations. The lack of regulations and the atmosphere of
uncertainty have thwarted the will of Congress as articulated in various
ameliorative statutes. Because of a lack of published regulations, USCIS denies I-
485 cases such as Mr. Mawalla's based upon a misunderstanding of its own
interpretations of AC21.

## GROUNDS FOR RELIEF

37. Mr. Mawalla re-alleges paragraphs 1-36 above as if set forth fully herein.

38. The Defendant has failed to approve Mr. Mawalla's I-485 Application for Adjustment, even though the Plaintiff has established his prima facie eligibility for adjustment under AC21.

39. The Defendant's actions with respect to Mr. Mawalla have constituted an illegal, arbitrary, and capricious abuse of his discretion as Secretary of the Department of Homeland Security.

40. USCIS's failure to approve the Plaintiff's I-485 has caused unnecessary and injurious delay to Mr. Mawalla and his family.

41. The Plaintiff has exhausted all administrative remedies available and he has determined that no adequate remedy exists outside this action for declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that this Honorable Court grant the following relief:

i.      Assume jurisdiction over this cause of action;

ii.     Declare that the Defendant's actions are an illegal, arbitrary, and capricious abuse of discretion;

iii.    Enter judgment ordering the Defendant to re-adjudicate and approve Plaintiff's I-485 Application for Adjustment;

iv.    Require the Defendant to ensure that appropriate procedures are implemented
       to eliminate future erroneous denials of I-485s under AC21;

v.     Award Plaintiff attorneys fees, costs, and expenses under the Equal Access to
       Justice Act; and

vi.    Grant such other and further relief as this Honorable Court deems just and
       appropriate.


Dated: March 29, 2006

                          Respectfully submitted,



                          Paul Shearman Allen, J.D.
                          DC Bar No. 167940
                          Paul Shearman Allen & Associates
                          1329 18th St. NW
                          Washington, DC 20036
                          Ph. 202-638-2777
                          Fax. 202-638-1677