U.S. Department of Homeland Security
20 Massachusetts Avenue, NW
Washington, DC 20529



U.S. Citizenship and Immigration Services

HQPRD 70/6.2.8-P

# Interoffice Memorandum

To: REGIONAL DIRECTORS
SERVICE CENTER DIRECTORS

From: William R. Yates /S/
Associate Director for Operations
United States Citizenship and Immigration Services
Department of Homeland Security

Date: May 12, 2005

Re: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

## Purpose

The purpose of this memorandum is to provide field offices with interim guidance on:

(1) Processing Form I-140 petitions and Form I-485 applications in connection with the I-140 portability provision of §106(c) of AC21;
(2) Adjudication of H-1B petitions in connection with the 7th year extension provisions of § 106(a) of AC21;
(3) Adjudication of H-1B petitions in connection with the 7th year extension provisions of 104(c) for aliens subject to per country visa limitations; and
(4) Adjudication of H-1B petitions in connection with the H-1B portability provisions of § 105 of AC21;

This interim guidance will only be in effect until regulations that are currently in progress are published as a final rule. The proposed rule may take a more restrictive position than this memorandum. Please note that the *Adjudicator's Field Manual (AFM)* will not be updated at this time.

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                              Page 2

### Prior AC21 Guidance

On January 29, 2001, the Office of Field Operations issued a memorandum entitled *"Interim Guidance for Processing H-1B Applications for Admission as Affected by the American Competitiveness in the Twenty-First Century Act of 2002, Public Law 106-313."* On June 19, 2001, the Office of Programs issued a follow-up memorandum entitled *"Initial Guidance for Processing H-1B Petitions as Affected by the American Competitiveness in the Twenty-First Century Act (Public Law 106-313) and Related Legislation (Public Law 106-311) and (Public Law 106-396)."* On February 28, 2003, the Immigration Service Division issued a memorandum entitled *"Procedures for concurrently filed family-based or employment-based Form I-485 when the underlying visa petition is denied."* On April 24, 2003, the Office of Operations issued a memorandum entitled *"Guidance for Processing H-1B Petitions as Affected by the Twenty-First Century Department of Justice Appropriations Authorization Act (Public Law 107-273)."* On August 4, 2003, the Office of Operations issued a memorandum entitled *"Continuing Validity of Form I-140 Petition in Accordance with Section 106(c) of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21)."*

All of these memoranda remain in effect and this memorandum supplements the existing guidance.

### New AC21 Guidance

New issues and questions in connection with I-140 portability cases and H-1B cases have arisen since the previous guidance memoranda were issued. Implementation of the provisions of AC21 have been further complicated by the interim rule published on July 31, 2002, allowing, in certain circumstances, the concurrent filing of Form I-140 and Form I-485. Previous Service regulations required an alien worker to first obtain approval of the underlying Form I-140 before applying for permanent resident status on the Form I-485.

This guidance is intended to address those questions and issues. This memorandum is divided into four separate sections, establishing guidelines and interim procedures for use by USCIS personnel:

- Section I
  Processing of Form I-140 petitions and Form I-485 applications when there is a question of eligibility for I-140 portability benefits under §106(c) of AC21.

- Section II
  Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §106(a) of AC21.

67

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    Page 3

- Section III
  Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §104(c) of AC21 (aliens subject to per country limitations).

- Section IV
  Processing of H-1B petitions where there is a question of the affect of H-1B portability under §105 of AC21.

\* \* \* \* \*

I. **Q & A ON PROCESSING OF I-140 PETITIONS AND I-485 APPLICATIONS UNDER THE I-140 PORTABILITY PROVISIONS OF §106(C) OF AC21**

Question 1.   How should service centers or district offices process <u>unapproved</u> I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days in relation to the I-140 portability provisions under §106(c) of AC21?

Answer:   If it is discovered that a beneficiary has ported off of an unapproved I-140 and I-485 that has been pending for 180 days or more, the following procedures should be applied:

   A. Review the pending I-140 petition to determine if the preponderance of the evidence establishes that the case is approvable or would have been approvable had it been adjudicated within 180 days. If the petition is approvable but for an ability to pay issue or any other issue relating to a time after the filing of the petition, approve the petition on its merits. Then adjudicate the adjustment of status application to determine if the new position is the same or similar occupational classification for I-140 portability purposes.

   B. If additional evidence is necessary to resolve a material post-filing issue such as ability to pay, an RFE can be sent to try to resolve the issue. When a response is received, and if the petition is approvable, follow the procedures in part A above.

Question 2.   How should service centers or district offices process unapproved I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days and a Request for Evidence (RFE) has been issued?

68

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                            Page 4

Answer:    If a response to an RFE is received, and the response does not adequately address the issues, or the response is simply that the beneficiary no longer works for the petitioner, or a response is not received at all, and the petition still cannot be approved:

   A. Deny the petition on the merits of the case; and

   B. Deny the I-485 and the portability request since there was never an approved petition from which to port.

Question 3.   What is "same or similar" occupational classification for purposes of I-140 portability?

Answer:    When making a determination if the new employment is the "same or similar" occupational classification in comparison to the employment in the initial I-140, adjudicators should consider the following factors:

   A. Description of the job duties contained in the ETA 750A or the initial I-140 and the job duties of the new employment to determine if they are the "same or similar" occupational classification.

   B. The DOT code and/or SOC code assigned to the initial I-140 employment for petitions that have a certified ETA 750A or consider what DOT and/or SOC code is appropriate for the position for an initial I-140 that did not require a certified ETA 750A. Then consider the DOT code and/or SOC code, whichever is appropriate for the new position to make a determination of "same or similar" occupational classification.

   C. A substantial discrepancy between the previous and the new wage. (See **Question 5** of this section for further clarification).

Question 4.   Should service centers or district offices use a difference in geographic location of the employment in the approved labor certification and initial I-140, and the new employment as basis for denial in I-140 portability cases?

Answer:    No. The relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment when considering the alien's new position and job duties and not the geographic location of the new employment.

69

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                                Page 5

**Question 5.** Should service centers or district officers use a difference in the wage offered on the approved labor certification and initial I-140, and the new employment as basis for denial in adjustment portability cases?

**Answer:** No. As noted above the relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment. A difference in the wage offered on the approved labor certification, initial I-140 and the new employment cannot be used as a basis of a denial. However, a substantial discrepancy between the previous and the new wage may be taken into consideration as a factor in determining if the new employment is "same or similar."

**Question 6.** Can multinational managers or executives classifiable under 8 USC 203(b)(1)(C) avail themselves of AC21 § 106(c) (8 USC § 204(j)) portability benefits even where the alien changes to a new job as a manager for an unrelated company? Can "same or similar" for multinational employees mean employment with an unrelated company?

**Answer:** Yes, multinational managers or executives can avail themselves of portability benefits where the alien changes to a new job as a manager or executive <u>even for an unrelated company</u>. However, there may be factual circumstances where such aliens cannot benefit from porting (i.e. where the job duties are vastly different, so that that the new position is not in the same or similar occupational classification as the I-140 employment).

**Question 7.** Should service centers or district offices request proof of "ability to pay" from successor employers in I-140 portability cases, in other words, from the new company/employer to which someone has ported?

**Answer:** No. The relevant inquiry is whether the new position is in the same or similar occupational classification as the alien's I-140 employment. It may be appropriate to confirm the legitimacy of a new employer and the job offer through an RFE to the adjustment applicant for relevant information about these issues. In an adjustment setting, public charge is also a relevant inquiry.

**Question 8.** Can an alien port to self-employment under INA § 204(j)?

**Answer:** Yes, as long as the requirements are met. First, the key is whether the employment is in a "same or similar" occupational classification as the job for which the original I-140 petition was filed. Second, it may be appropriate to

70

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                           Page 6

confirm that the new employer and the job offer are legitimate through an RFE to the adjustment applicant for relevant information about these issues. Third, as with any portability case, USCIS will focus on whether the I-140 petition represented the truly intended employment at the time of the filing of both the I-140 and the I-485. This means that, as of the time of the filing of the I-140 and at the time of filing the I-485 if not filed concurrently, the I-140 petitioner must have had the intent to employ the beneficiary, and the alien must have intended to undertake the employment, upon adjustment. Adjudicators should not presume absence of such intent and may take the I-140 and supporting documents themselves as prima facie evidence of such intent, but in appropriate cases additional evidence or investigation may be appropriate.

**Question 9. Must a successor employer in an I-140 portability case provide a new labor certification?**

Answer: No. There is no requirement that successor employers in adjustment portability cases obtain a new labor certification for those occupations traditionally requiring one. AC21 also provides that any underlying labor certification also remains valid if the conditions of §106(c) are satisfied. The beneficiary of an approved labor certification may benefit from it although the alien seeks to adjust on the basis of different employment.

**Question 10. Should service centers or district offices deny portability cases on the sole basis that the alien has left his or her employment with the I-140 petitioner prior to the I-485 application pending for 180 days?**

Answer: No. The basis for adjustment is not actual (current) employment but prospective employment. Since there is no requirement that the alien have ever been employed by the petitioner while the I-140 and/or I-485 was pending, the fact that an alien left the I-140 petitioner before the I-485 has been pending 180 days will not necessarily render the alien ineligible to port. However, in all cases an offer of employment must have been bona fide. This means that, as of the time the I-140 was filed and at the time of filing the I-485 if not filed concurrently, the I-140 petitioner must have had the intent to employ the beneficiary, and the alien must have intended to undertake the employment, upon adjustment. Adjudicators should not presume absence of such intent and may take the I-140 and supporting documents themselves as prima facie evidence of such intent, but in appropriate cases additional evidence or investigation may be appropriate.

**Question 11. When is an I-140 no longer valid for porting purposes?**

Answer: An I-140 is no longer valid for porting purposes when:

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                                         Page 7

    A. an I-140 is withdrawn before the alien's I-485 has been pending 180 days, or

    B. an I-140 is denied or revoked at any time except when it is revoked based on a withdrawal that was submitted after an I-485 has been pending for 180 days.

**Question 12.** Can the 180 days that an I-485 application must be pending for I-140 portability eligibility accrue during a period when visa numbers are unavailable?

Answer: Yes. The fact that a visa number becomes unavailable after the filing of the I-485 application does not stop the number of days required for I-140 portability eligibility from accruing.

**Question 13.** Does the alien's priority date change as a result of porting under §106(c) of AC21?

Answer: No. The priority date continues to be determined at the time of the initial labor certification filing with the Department of Labor or at the time the initial I-140 immigrant petition is filed with USCIS (in cases where no labor certification is required).

**Question 14.** Must the alien have a new offer of employment at the time the I-485 is being adjudicated under the I-140 portability provisions?

Answer: Yes. The alien cannot still be looking for "same or similar" employment at the time the I-485 is being adjudicated under the adjustment portability provisions. The alien must be able to show there is a new valid offer of employment at the time the I-485 is adjudicated.

II.    **Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE EXTENSION PROVISION OF §106(A) ALLOWING EXTENSION PAST THE H-1B 6 YEAR LIMIT**

**Question 1.** When an alien would otherwise be eligible for an H-1B extension, is it necessary to first file a Form I-129 requesting an extension of time to allow the beneficiary to complete or nearly complete the initial 6 years, and then file an additional Form I-129 requesting an extension of time beyond the 6 years?

Answer: No. Section 106(a) of AC21 allows an alien to obtain an extension of H-1B status beyond the 6-year maximum period, when:

72

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                        Page 8

A. 365 days or more have passed since the filing of any application for labor certification, Form ETA 750, that is required or used by the alien to obtain status as an EB immigrant, or

B. 365 days or more have passed since the filing of an EB immigrant petition.

Once these requirements have been met, the alien may be granted an extension beyond the 6-year maximum on or prior to the date the alien reaches the 6-year maximum. Such extensions may only be granted in one-year increments, but may be requested on a single (combined) extension request for any remaining time left in the initial 6-year period. Requiring the filing of two extension petitions merely increases petitioner and CIS workloads, and has no basis in statute. In no case, however, may the total period of time granted on an extension exceed a cumulative total of 3 years. 8 CFR 214.2(h)(15)(ii)(B)(1).

**Question 2.** How early can a request for an H-1B extension beyond the 6th year be filed?

**Answer:** The April 24, 2003 guidance memorandum is modified in the following manner: a petitioner must establish that the above criteria (see Question 1 outlining requirements under Section 106(a)) were or will be met either on or before the requested start date on the H-1B extension application. Thus, an alien is eligible for an extension of H-1B status beyond the 6th year as long as either the qualifying labor certification application or I-140 petition has or will have been pending for at least 365 days prior to the alien's requested start date, regardless of whether the H-1B extension application was filed prior to the passage of such period If the alien would no longer be in H-1B status at the time that 365 days from the filing of the labor certification application or immigrant petition has run, thus leaving a gap in valid status, then the extension of stay request cannot be granted.

**Question 3.** Are there cases where an alien, who has been granted an H-1B extension beyond the 6th year, will nonetheless only be allowed to remain for the 6-year maximum period of stay?

**Answer:** Yes. As addressed in the April 24, 2003 guidance memorandum, USCIS is required to grant the extension of stay request made under section 106(a) of AC21, in one-year increments, until such time as a final decision has been made to:

A. Deny the application for labor certification, or, if the labor certification is approved, to deny the EB immigrant petition that was filed pursuant to the approved labor certification;

73

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)    Page 9

    B. Deny the EB immigrant petition, or

    C. Grant or deny the alien's application for an immigrant visa or for adjustment of status.

If at any time before or after the filing of the single (combined) extension request a final decision is made on the above-stated grounds, the beneficiary of the extension request will not be entitled to an extension beyond the time remaining on his or her 6-year maximum stay unless another basis for exceeding the maximum applies.

**Question 4.** In a labor substitution context, can both the original alien and the substituted alien apply for an H-1B extension beyond the 6-year limit based on § 106(a) of AC21?

**Answer:** No. Only the "current" beneficiary (meaning the alien that was most recently substituted into the labor certification) is eligible to get an H-1B extension beyond the 6-year limit.

**Question 5.** Does a timely and non-frivolous I-140 appeal pending at the AAO allow an alien to request an H-1B extension beyond the 6-year limit?

**Answer:** Subject to regulatory modification, as long as a decision may be reversed on direct appeal or certification to the Administrative Appeals Office (AAO), USCIS will not consider that decision final for this purpose.

**Question 6.** Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification was filed over 365 days ago, has been approved, but the I-140/I-485 has not yet been filed?

**Answer:** No. Until further guidance is published, a request for an H-1B extension beyond the 6-year limit should not be denied on the sole basis that an I-140 petition has not yet been filed.

**Question 7.** Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification or immigrant petition from an employer who is not the H-1B petitioner was filed for the beneficiary more than 365 days ago?

**Answer:** No. The statute does not require that the labor certification or immigrant petition must be from the same employer requesting the H-1B extension.

74

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                Page 10

**Question 8.** Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification or the immigrant petition was filed over 365 days ago, but the H-1B nonimmigrant intends to consular process rather than adjust status?

**Answer:** No.

**Question 9.** Are H-4 dependents eligible for an H extension beyond the 6-year limit?

**Answer:** Yes. H-4 dependents are eligible for an extension of their H-4 status beyond the 6-year limit provided they meet the H-4 requirements and based on the principal (H-1B) alien's eligibility for an H-1B extension beyond the 6-year limit. This includes cases where the dependent may have held another status prior to becoming an H-4 dependent. However, in order to qualify for an H-1B extension beyond the 6 year limit year of their own H-1B status, the alien must meet all the requirements independently of their H-1B spouse's eligibility for a 7th year extension.

**Question 10.** What are the guidelines for processing 7th Year Extensions with the implementation of the new DOL PERM Program?

**Answer:** Guidance on this subject will be provided via separate memorandum.

**III.** Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE "ONE-TIME PROTECTION UNDER PER COUNTRY CEILING" PROVISION OF §104(C) ALLOWING EXTENSION PAST THE H-1B 6-YEAR LIMIT

**Question 1.** Must an alien be the beneficiary of an *approved* I-140 petition in order to qualify for extension of H-1B status beyond the 6-year limit based on §104(c) of AC21?

**Answer:** Yes. Consistent with prior USCIS guidance on this subject, an approved I-140 petition is required in order for an alien to qualify for an extension of H-1B status beyond the 6-year limit under §104(c).

**Question 2.** If an alien qualifies for an extension past the H-1B 6-year limit under §104(c), may an extension be granted for a period of up to three years?

75

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                           Page 11

Answer:         Yes, provided all other H-1B statutory and regulatory requirements are met (e.g., the petition must request three years, and include a Labor Condition Application covering such period).

Question 3.     If an alien qualifies for an extension past the H-1B 6-year limit under §104(c), may more than one extension be granted?

Answer:         Yes. USCIS recognizes that in some cases, because of per country visa limitations, it may take more than three years for the alien to be eligible to adjust. Thus, despite the reference to a "one-time protection" a qualifying alien may be granted more than one extension under this provision.

IV.     Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE H-1B PORTABILITY PROVISIONS

Question 1.     Can an H-1B temporary worker "port" under §105 of AC21 (INA § 214(n)) from one employer to another even after the alien's I-94 or last approved petition has expired as long as he or she is still in a "period of stay authorized by the Attorney General"?

Answer:         Yes. Under certain circumstances, an H-1B alien may still be able to port to another H-1B employer even after the alien's I-94 or last approved petition has expired. In order to port, however, such alien must meet all the requirements of INA § 214(n), including the requirement that the new petition be filed while the alien is in a "period of stay authorized by the Attorney General." USCIS has previously determined and issued guidance explaining what constitutes a "period of stay authorized by the Attorney General." One example would be:

Alien is in H-1B status. Employer A timely files a non-frivolous extension of the alien's H-1B status. Alien's original petition, approved for Employer A, expires during the pendency of the extension. Alien is then in a "period of stay as authorized by the Attorney General" while Employer A's extension is pending. Employer B then files new petition and alien wants to port to Employer B. Under INA § 214(n), the alien should be permitted to port because he or she is in a "period of stay as authorized by the Attorney General."

In other words, porting under INA §214 does not require that the alien currently be in H-1B status as long as he or she is in a "period of stay authorized by the Attorney General."

Question 2.     Can there be successive H-1B portability petitions filed for an alien while the previous H-1B petitions remain pending (i.e. creating a "bridge" of H-1B petitions)?

76

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    Page 12

**Answer:** Yes. However, to be approved every H-1B portability petition must separately meet the requirements for H-1B classification and for an extension of stay.

**Question 3.** If successive H-1B portability petitions can be filed, what happens if an alien's nonimmigrant status expires while the H-1B portability petitions are pending and a petition in the "bridge" is denied?

**Answer:** As stated above, to be approved every H-1B portability petition must separately meet the requirements for H-1B classification and for an extension of stay. In the event the alien's nonimmigrant status has expired while the petitions are pending, the denial of any filing in the string of extension of stay and/or change of status filings undercuts the "bridge" that "carried" any petition filed after the expiration of any approved status which will result in the denial of the successive requests to extend or change status.

\* \* \* \* \*

Questions regarding this memorandum may be directed through appropriate channels to Service Center Operations.

# Exhibit J

Copy of March 13, 2006 USCIS Dismissal Dated
March 13, 2006 of Second Motion to Reopen/Reconsider



**U.S. Citizenship and Immigration Services**

U.S. Department of Homeland Security
75 Lower Welden Street
St. Albans, VT 05479

March 13, 2006

FREDERICK MAWALLA
ATTN PAUL S ALLEN ESQ
PAUL SHEARMAN ALLEN & ASSOCIATES
1329 18TH STREET NW
WASHINGTON DC 20036

A Number: A97709901
File Receipt Number:
Motion Number: EAC0525851274

Dear Sir/Madam:

This refers to your motion filed on September 27, 2005. You seek the reopening or reconsideration of the decision rendered by the United States Citizenship and Immigration Services (the Service) on March 1, 2005, denying or revoking the Immigrant Petition for Alien Worker (Form I-140) filed by you on May 15, 2002.

Title 8, Code of Federal Regulations, part 103.5 provides that a motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. Further, a motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy.

Your motion does not provide new facts to be proved nor does it give reasons for reconsideration. Therefore, your motion is hereby dismissed per 8 CFR 103.5(a)(4).

Sincerely,

Sandra T. Bushey
Acting Center Director

Enclosure(s)

cc:   C BOSTICK HR OPERATIONS SR MGR
      INTELSAT GLOBAL SERV CORP
      3400 INTERNATIONAL DR NW
      WASHINGTON DC 20008

www.uscis.gov