7.    On June 29, 2005, the USCIS denied Applicant's I-485 application although the Applicant has provided all the requested documents demonstrating his eligibility under section 106 (c) of the AC21 Act *(please see enclosed Exhibit G)*.

Obviously enough, the USCIS is mistaken, erred in its interpretation of the provisions of §106(c) of AC21 and consequently, erroneously denied Applicant's I-485 application. Accordingly, we submit herein the following evidence to demonstrate that Applicant is eligible to adjust status to Lawful Permanent Resident under section 106(c) of the AC21 Act.  For the reason stated below, we now seek reversal of the USCIS decision and approval of this I-485 application.

### III.    THE ARGUMENT

In 2000, Congress passed the American Competitiveness in the Twenty-First Century Act (AC21), Public Law 106-313, 114 Stat 1251 (October 17, 2000). Section 106(c) of AC21 amended section 204 of the act by adding the following provision, codified as 8 U.S.C. § 1154(j):

> Job Flexibility For Long Delayed Applicants for Adjustment of Status to Permanent Residence – A petition under subsection (a)(1)(D) [since re-designated section 204(a)(1)(F)] for an individual whose application for adjustment of status pursuant to section 245 has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed.

Section 212(a)(5)(A)(iv) of the Act, 8 U.S.C. § 1182(a)(5)(A)(iv), states further:

> Long Delayed Adjustment Applicants – A certification made under clause (i) with respect to an individual whose petition is covered by section 204(j) shall remain valid with respect to a new job accepted by the individual after the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the certification was issued.

00101

At the time AC21 went into effect, legacy Immigration and Naturalization

Service (INS) regulations provided that an alien could not apply for permanent

resident status by filing a Form I-485, application to adjust status, until he or she

obtained the approval of the underlying Form I-140 immigrant visa petition. *See* 8

C.F.R. § 245.2(a)(2)(i)  (2000). Therefore, the process under section 106(c) of AC21

at the time of enactment was as follows: first, an alien obtains an approved

employment-based immigrant visa petition; second the alien files an application to

adjust status; third, if the adjustment application was not processed within 180 days,

the underlying immigrant visa petition remained valid even if the alien changed

employers or positions, provided the new job was in the same or similar occupational

classification *(please see May 12, 2005 Memorandum from William Yates, Associate

Director of Operations at USCIS' Headquarters interpreting a number of important

provisions from AC221, enclosed document marked as Exhibit H)*. The May 2005

Memo clarifies that, in order to use portability, the I-140 petition need not be based at

all on an applicant's current job. The only requirement

pending 180 days and, importantly, that the applicant t

initial I-140 sponsor upon approval of the adjustment.

presume the absence of such intent.

Per se, Applicant is entitled to adjust his status

under the I-140 portability provision in AC21. He is the beneficiary of an approved

I-140 immigrant visa petition. He filed his I-485 adjustment of status application on

April 29, 2004 that remained unadjudicated for more than 180 days. The I-140

immigrant visa petition was revoked on March 1st, 2005. Applicant has sufficiently

4

demonstrated that he has a bona fide offer of employment from a new employer in a same or similar occupation *(please see enclosed job offer letter dated February 2, 2005, marked as Exhibit I)*. The offer of employment remains valid to Applicant *(please see enclosed current job offer letter dated September 22, 2005, marked as Exhibit J)*. As specifically requested by the USCIS in its March 11, 2005 Notice of Intent to Deny, both employment offer letters (respectively dated February 2 and September 22, 2005) provided by the Applicant's prospective employer, are printed on the original company letterhead, outline the offer of employment, contain a detailed description of the offered position, duties, remuneration and prospect for continued employment.

The Applicant is being treated unfairly by the USCIS. His eligibility for adjustment portability (under AC21) when 180 days have passed since filing the I-485, has already been proven to the USCIS. He should not have to start the process all over again with no assurance the result will be any different next time.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, the USCIS' decision must be vacated and reversed, and the Applicant's I-485 application should, in all things, be granted.

Respectfully submitted,

Paul S. Allen
Paul Shearman Allen & Associates
Attorney for Respondent
1329 18th Street, N.W.
Washington, D.C. 20036
(202) 638-2777

00103

OMB Approval No. 44-R130

U.S. DEPARTMENT OF LABOR
Employment and Training ...

**APPLICATION**

**FOR**

**ALIEN EMPLOYMENT CERTIFICATION**

*IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM*
*PRINT legibly in ink or use a typewriter. If you need more space to
answer questions on the form, use a separate sheet. Identify each answer
with the number of the corresponding question. SIGN AND DATE each
sheet in original signature.*

*To knowingly furnish any false information in the preparation of this form
and any supplement thereto or to aid, abet, or counsel another to do so is
a felony punishable by $10,000 fine or 5 years in the penitentiary, or both
(18 USC 1001).*

## PART A. OFFER OF EMPLOYMENT

**1. Name of Alien** *(Family name in capital letter, First, Middle, Maiden)*

MAWALLA          Frederick          Eliampenzi Sombiro

| 2. Present Address of Alien *(Number, Street, City and Town, State ZIP Code or Province, Country)* | 3. Type of Visa *(If in U.S.)* |
|---|---|
| 509 Castleford Street     Rockville     MD     20851     USA | G-4 |

The following information is submitted as evidence of an offer of employment.

| 4. Name of Employer *(Full name of organization)* | 5. Telephone *(Area Code and Number)* |
|---|---|
| Intelsat Global Service Corporation | 202-944-6800 |

COPY

**6. Address** *(Number, Street, City or Town, Country, State, Zip Code)*

3400 International Drive, N.W., Washington, DC 20008 USA

**7. Address Where Alien Will Work** *(if different from item 6)*

Same address as #6

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule *(Hourly)* | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| Global Telecommunications | Technical Support Engineer, Earth Station Support | 40 | N/A | 8:30 a.m. 5:15 p.m. | $69,660.00 per Year | $N/A per hour |

**13. Describe Fully the Job to be Performed** *(Duties)*

Process earth station application which involves determination of proper authorization of the party submitting the application, entering the critical earth station information into the database, authorizing the earth station to perform verification testing using Intelsat facilities and obtaining any missing or unclear information; develop the earth station verification test plan, coordinating and scheduling verification tests; knowledge of earth station technology and satellite beam coverages is necessary to properly assign capacity which is capable of supporting the testing; evaluating the verification test results to determine whether station performance is compliant with the Intelsat mandatory specifications as contained in the Intelsat Earth Station Standards (IESS); An understanding of earth station technology is required to understand the potential anomalies, improper equipment configurations, mis-allignments or improper test techniques that can result in the earth station performance not meeting the specification; interface and interact directly with the customer, and/or his designated engineer, in completing the earth station application, developing the verification test plan, scheduling the verification tests and analyzing the test results and otherwise assisting the customer in the earth station approval and certification process; SEE ATTACHED.

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactory the job duties described in Item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|
| **EDUCATION** *(Enter number of years)* | Grade School | High School | College | |
| | | | **College Degree Required** *(specify)* Master's Degree | * Telecommunications Engineering; or a Bachelor's degree in Electrical, Electronics, or Telecommunications Engineering and 5 years of experience in Telecommunications Satellite Engineering. |
| | Comp leted | | 6 | **Major Field of Study** Electrical, Electronics, or * |

| **TRAINING** | No. Yrs. | No. Mos. | Type of Training |
|---|---|---|---|
| | | | |

| **EXPERIENCE** | Job Offered | | Related Occupation | | Related Occupation *(specify)* |
|---|---|---|---|---|---|
| | Yrs. | Mos. | Yrs. | Mos. | N/A |
| | N/A | N/A | N/A | N/A | |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor ➤➤ | Manager Earth Station Systems | 17. Number of Employees Alien Will Supervise | 0 |
|---|---|---|---|

PURSUANT TO THE PROVISIONS OF SECTION 212(A) (14) OF THE IMMIGRATION
AND NATIONALITY ACT AS AMENDED I HEREBY CERTIFY THAT THERE ARE NOT
SUFFICIENT U.S. WORKERS WHO ARE ABLE AND THE EMPLOYMENT OF THE ABOVE
WILL NOT ADVERSELY AFFECT THE WAGES AND WORKING CONDITIONS OF
WORKERS IN THE U.S. SIMILARLY EMPLOYED.

◄ ENDORSEMENTS *(Make no entry in section - for government use only)*

Date Forms Received

| L.O. 10/30/01 | S.O. |
|---|---|
| R.O. 2/22/02 | N.O. |
| Ind Code 4899 | Occ. Code 003061045 |
| | Occ. Title Electronics Engineer |

MAR 18 2002

[DATE]     [CERTIFYING OFFICER]

00104

| 13. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED (Continued) | |
|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You To Employ Alien | | a. Number of Local | b. Name of Local |
| | From | To | | |
| | | | | c. City and State |

| 20. ___EMENT FOR LIVE-AT-WORK JOB OFFERS    *(Complete for Private Household Job ONLY)* | | | | | | | |
|---|---|---|---|---|---|---|---|
| a. Description of Residence | | b. No. Persons Residing at Place of Employment | | | | c. Will free board and private room not shared with anyone be provided? | *("X" one)* |
| *("X" one)* | Number of Rooms | Adults | BOYS | Children | Ages | | ☐ YES  ☐ NO |
| ☐ House | | | | | | | |
| ☐ Apartment | | | GIRLS | | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.** *(Specify Sources of Recruitment by Name)*

Employer advertised as follows:

The Washington Post; Sunday, September 9, 2001
The Washington Post; Sunday, July 1, 2001
The Washington Post; Monday, April 16, 2001
The Washington Post; Sunday, March 11, 2001
The Washington Post; Sunday, February 11, 2001

Results of the recruitment, including the results from the Posting Notice, are attached.

**22.    Applications require various types of documentation.  Please read PART II of the instructions to assure that appropriate supporting documentation is included with your application.**

### 23. EMPLOYER CERTIFICATIONS

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a.  I have enough funds available to pay the wage or salary offered the alien.

b.  The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c.  The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d.  I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e.  The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f.  The job opportunity is not:

(1)  Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2)  At issue in a labor dispute involving a work stoppage.

g.  The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h.  The job opportunity has been and is clearly open to any qualified U.S. worker.

### 24. DECLARATIONS

DECLARATION OF EMPLOYER   ➤   *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE | DATE |
|---|---|
| | Sept 14, 2001 |

| NAME *(Type or Print)* | TITLE |
|---|---|
| Benjamin H.                    Katcoff | Senior Director, Human Resources Division |

AUTHORIZATION OF AGENT OF EMPLOYER   ➤   *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | DATE |
|---|---|
| | |

| NAME OF AGENT *(Type or Print)* | ADDRESS OF AGENT *(Number, Street, City, State, ZIP Code)* |
|---|---|
| | |

00105

**FORM ETA 750A Addendum**
**Re: MAWALLA, Frederick Eliampenzi Sombiro**

**Question #13 Continued:**

Coordinate resources and activities with various Intelsat departments such as Service Implementation, operations Center (IOC), Satellite Control Facility (SCF) and Network Operations (NOD); offer technical assistance and suggestions to customer and make real-time priority decisions in the event of poor earth station performance results, based on detailed technical knowledge of the CSM, earth station engineering and experience with the AVT process; assist with the development of refinements of the AVT process and procedures and the SSOG; and provide technical assistance to, and cross-training of fellow staff within the department.

_____          Sept 14, 2001
**BENJAMIN H. KATCOFF**                    **DATE**
**Director, Human Resources Division**

00106

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-02-192-50905 | | CASE TYPE  I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
|---|---|---|
| RECEIPT DATE<br>May 17, 2002 | PRIORITY DATE<br>October 25, 2001 | PETITIONER<br>INTELSAT GLOBAL SERV |
| NOTICE DATE<br>November 1, 2002 | PAGE<br>1 of 1 | BENEFICIARY<br>MAWALLA, FREDERICK E. |
| LINDA M. HOFFMAN<br>FREILICHER & HOFFMAN PC<br>1925 K ST NW STE 200<br>WASHINGTON DC 20006 | | Notice Type:  Approval Notice<br>Section: Mem of Profession w/Adv Deg,or<br>of Exceptn'l Ability<br>Sec.203(b)(2) |

The above petition has been approved.  The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status.  He or she should contact the local INS office to obtain Form I-485, Application for Permanent Residence.  A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center.  Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action.  The NVC also determines which consular post is the appropriate consulate to complete visa processing.  It will then forward the approved petition to that consulate.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

CLIENT COPY

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
5 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-4913



Form I-797 (Rev. 09/07/93)N

00107

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER<br>EAC-02-192-50905 | CASE TYPE  I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
| RECEIPT DATE<br>May 17, 2002 | PRIORITY DATE<br>October 25, 2001 | PETITIONER<br>INTELSAT GLOBAL SERV |
| NOTICE DATE<br>November 1, 2002 | PAGE<br>1 of 1 | BENEFICIARY<br>MAWALLA, FREDERICK E. |

| | |
|---|---|
| LINDA M. HOFFMAN<br>FREILICHER & HOFFMAN PC<br>1925 K ST NW STE 200<br>WASHINGTON DC 20006 | Notice Type:  Approval Notice<br>Section: Mem of Profession w/Adv Deg,or<br>          of Exceptn'l Ability<br>          Sec.203(b)(2) |

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. He or she should contact the local INS office to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center. Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

CLIENT COPY

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
5 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-4913



Form I-797 (Rev. 09/07/93)N

00108

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-04-163-50660 | | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| RECEIVED DATE<br>April 29, 2004 | PRIORITY DATE | APPLICANT   A97 709 901<br>MAWALLA, FREDERICK E. |
| NOTICE DATE<br>May 11, 2004 | PAGE<br>1 of 1 | |

DENNIS A. BAIRD ESQ
LAW OFFICES OF DENNIS A BAIRD ESQ
1323 FENWICK LANE 100
SILVER SPRING MD 20910

Notice Type: Receipt Notice

Amount received: $ 305.00
Section: Adjustment as direct
beneficiary of immigrant
petition

The above application or petition has been received. It usually takes 365 to 540 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

You can also visit the INS on the internet at www.bcis.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



00103

LAW OFFICES

# DENNIS A. BAIRD, ESQ., P.C.
1323 FENWICK LANE, SUITE 100
SILVER SPRING, MD 20910

TEL: (301) 650-2030
FAX: (301) 650-2033

EMAIL: dbairdlaw@verizon.net
Admitted in MD, PA, & DC

April 6, 2005

Paul E. Novak, Jr.
U.S. Citizenship & Immigration Services
75 Lower Welden Street
St. Albans, VT 05479



RE:  **FREDERICK E S MAWALLA**
     **ALIEN NO.: A97 709 901**
     **EAC NO.:   EAC0416350660**

Dear Mr. Novak, Jr.:

Pursuant to your letter dated March 11, 2005, please construe this as a response to the revocation of the Form I-140 Petition. Allegedly based upon the current record the beneficiary/applicant does not appear to be eligible to adjust his status.

However, we would like to invoke section 106 (c) of the American Competitiveness in the Twenty First Century Act (AC21) which provides that a person may still adjust status, despite the grounds of any ineligibility listed above, if the application has been pending for 180 days or more and he can establish that he has a bona fide offer of employment from a new employer in the same or similar occupation.

Based on the foregoing, we are requesting validity of the revoked immigrant visa petition (Form I-140) to be preserved for adjustment of status based upon a new offer of employment pursuant to Section 106 (c) of the AC21 Act.

Accordingly, we attach hereto and incorporate by reference herein the following documentation.

1.  A written request for consideration under section 106 (c) of the AC21.
2.  An original letter on company letterhead outlining employment or offer of employment by prospective employer.
3.  Letter accepting Employment;

00110

4.    Original, completed Form I-508 – Waiver of Rights, Privileges, Exemptions and Immunities;

5.    Original, completed Form I-566 – Interagency Record of Individual Requesting Change/Adjustment to or from A or G Status;

6.    Form G-28 – Notice of appearance as Attorney

Please note that his wife who is a G-4 is a derivative beneficiary's and has been assigned Alien number A72 422 313.  The three children are also derivative beneficiaries and they have been assigned EAC Numbers, Koichi K. Mawalla EAC-04-163-50721, Sombiro K. Mawalla Jr., EAC-04-163-50736 and Wene F. Mawalla EAC-04-163-50699.

Thank you for your cooperation in this regard.

Sincerely,

Dennis A. Baird, Esq.
DAB/mo

April 6, 2005



District Director
U.S. Citizenship & Immigration Services
75 Lower Welden Street
St. Albans, VT 05479

**RE:    REQUEST LETTER FOR CONSIDERATION**
**A97 709 907**
**EAC01-163-50660**

Dear District Director:

This is to confirm that I would like to be considered under section 106 (C) of the AC21 Act.

Thank you for your consideration in this regard.

Sincerely,

Frederick Mawalla

Mr. Frederick E.S. Mawalla                                      17th March, 2005
P.O. BOX 503
509 Castleford Street
Rockville
MD-20851

Dear Roger Week



## RE: TEST ENGINEER JOB OFFER

      I am writing in reference to our telephone call today the 17th March, 2005 on the update of the availability of my job offer, which you said it is still open to me as was mentioned on the job offer.

I am pleased to accept the test engineering job offer, with Bethesda Asphalt & Bituminous Co. As you can see from my resume and in our recent telephone call, my engineering wide experience and my ability to work as a team will be beneficial to Bethesda Asphalt & Bituminous Co, and I will endeavor to perform this job to the best of my ability.

I accordingly accept the offer of employment to work with Bethesda Asphalt & Bituminous Co. as a permanent employee develop testing and analytical tools to support the new electronic elastomeric, silicone and damp roofing testing equipment and process.

      I accept the terms of my employment listed bellows:

- Title:                    Testing Engineer
- Salary:                 $ 49,075.00 to 67,710.00 per annum.
- Effective Date:      22nd August, 2005

      I will be readily available to start working on the effective date and I look forward to the opportunity of coming aboard.

Thank you so much for all your support

Sincerely *Mawalla*

Frederick E.S. Mawalla
**SS # 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**


**Subscribed and sworn to before me this....... Day of April 2005**

Subscribed and sworn to before me. in my presence,                    **NOTARY PUBLIC**
this 6th day of APRIL 2006 Notary Public
in and for the STATE of MARYLAND
*Gladys Betancourt*
Notary Public                        1
My commission expires MARCH 01 2006

00113

WATERPROOFING
DRAIN TILE
SPRAY COATINGS

DAMPPROOFING
SILCONE
ELASTOMERIC

## Be.. la Asphalt & Bitum..nous Co.

### WATERPROOFING CONTRACTORS
1090 TAFT STREET
ROCKVILLE, MARYLAND 20850
Phone (301) 424-7213
Fax (301) 424-4127

Mr. Frederick E. Mawalla
509 Castleford Street
Rockville, MD-20851

02rd.0February.05

COPY

### EMPLOYMENT OFFER

Dear Mr. Mawalla:

As we discussed in our recent telephone call, I was very impressed with your credentials and background when we met in my office at 1090 Taft Street in Rockville Maryland. We need an engineer to consult with us. I am pleased to offer you a regular appointment with the Bethesda Asphalt & Bituminous Co., and your employment prospect is good and and exspect you to start at 22nd August 2005

Much of your work will be done at the head quarters, on 1090 Taft Street, Rockville MD-20850, and occasionally on new testing site in Virginia and D.C area This appointment is offered on the basis, inter alia, of provision of a letter of acceptance of this position stating that you will continuously be with us..

Initial Appointment

- Title:                    Testing Engineer
- Salary:                 $ 49075.00.00 to 67,710.00 per annum.
- Effective Date:      22 August 2005.

Job description

- Develop testing and analytical tools to support the electronics elastomeric, silicone and damp roofing electrical testing equipment and process.
- Evaluate the test results and prepare a report presenting data on the outcome of the tests
- Provide technical input for the further expansion of the product line
- Drafting instruction for use of the product by the consumers
- Monitoring and review product use and  Consult with the management on the performance of the system

The salary shown above does not include any travel and future relocation benefits to which you may be entitled. As a staff member on regular appointment, you are entitled to all the regular staff benefits described in the McCarthy Medical Marketing, Inc. Administration Procedure Manual. Deduction will be made for premium for any group life, accident and health insurance you may elect.

The Bethesda Asphalt & Bituminous Co. Administration Procedure Manual with detailed benefit package, action forms etc, will be provided to you after the confirmation of your employment.

If you accept appointed to the position described above, please sign and return to me the original of this letter and retain the enclosed copy for you records.

Sincerely,

Roger Weeks
President

I hereby accept the appointment described in this letter, subjected to the terms and conditions herein specified.

Signature: _____Qawalla_____        Date: Ø6Th APRIL 2005

Subscribed and sworn to before me. in my presence, this 6th day of APRIL 2005 a Notary Public in and for the STATE of MARYLAND

_Celedy Belancien_
Notary Public

My commission expires MARCH 01 2006

Telephone: 1 301-424-4213 Fax: 301-424-4127
1090 Taft Street
Rockville
MD-20850

00114

## WAIVER OF RIGHTS, PRIVILEGES, EXEMPTIONS AND IMMUNITIES
(Under Section 247(b) of the Immigration & Nationality Act)

The authority for collection of the information requested on this form is contained in 8 U. S. C. 1257(b). Submission of the information by an alien to request that he be permitted to retain status as an immigrant lawfully admitted for permanent residence is voluntary. The solicited information will be used principally by the Service to determine whether the status of the alien applicant shall be adjusted under the provisions of section 247(a) of the Immigration and Nationality Act. 8 U. S. C. 1257(a), to that of a nonimmigrant as described by section 101(a)(15)(A), (E), or (G) of the Immigration and Nationality Act, 8 U. S. C. 1101(a)(15)(A), (E), or (G). The information solicited may also, as a matter of routine use, be disclosed to other federal, state, local, or foreign law enforcement and regulatory agencies, the Department of Defense including any component thereof (if the applicant has served in the Armed Forces of the United States), the Department of State, Central Intelligence Agency, Interpol and individuals and organizations during the course of investigation to elicit further information required by this Service to carry out its functions. Failure to provide any or all of the solicited information may result in the alien's adjustment of status from that of a lawful permanent resident to that of a nonimmigrant classification under paragraphs 15(A), 15(E) or 15(G) of section 101(a) of the Immigration and Nationality Act.

FORM I-508 (Rev. 10-1-80) Y          (Tear off this sheet before executing form)



(Under Section 247(b) of the Immigration & Nationality Act)

File No. A97 709 901

I, (name) Fredrick E.S. Mauralla believing that I
Type or print

have an occupational status entitling me to a nonimmigrant classification under paragraph 15(A) (Government official) 15(E) (Treaty Trader) or 15(G) (International Organization Representative), of Section 101(a) of the Immigration and Nationality Act and desiring to acquire and/or retain the status of an alien lawfully admitted for permanent residence, do hereby waive all rights, privileges, exemptions and immunities which would otherwise accrue to me under any law or executive order by reason of such occupational status. French Nationals receiving salary from French Republic are required to execute additional waiver on Form I-508F)

I WAS BORN ON: (Month, Day, Year) | AT: (City and Country)
4-25-1955 | Moshi Tanzania

I AM EMPLOYED BY: (Name and Address of Mission or Organization)
Job offer. Medical Marketing Inc. McCarthy 1661 Lincoln Av. WA

SIGNATURE
Mauralla | DATE 04/01/05

FOR GOVERNMENT USE ONLY (FRENCH NATIONALS PAID BY FRENCH REPUBLIC)
☐ FORM I-508F EXECUTED.   ☐ EXEMPT   ☐ NOT EXEMPT FROM U.S. TAXES

Form I-508 A (Rev. 10-1-80) Y          FILE COPY

Dept. of Justice Immigration and Naturalization Service

☆ U.S. GOVERNMENT PRINTING OFFICE

00115

OMB No. 1615-0027; Expires 1/31/07

**I-566, Interagency Record of Request -**
A, G or NATO Dependent Employment Authorization
or Change/Adjustment to/from A, G or NATO Status

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services

COPY

**START HERE - Please Type or Print in Black Ink.**

**Part 1.    Information about you.** *(The person seeking employment authorization or change/adjustment of status.)*

1. Family Name | Given Name | Middle Name
MAWALLA | FREDERICK | ELIAMPENZI SOMBIRO

2. Home Address - Street Number and Name | Apt.#
509 CASTLEFORD STREET |

City | State | Zip Code
ROCKVILLE | MD | 20851

3. Mailing Address - Street Number and Name | Apt. # | C/O *(in care of):*
509 CASTLEFORD STREET |  |

City | State | Zip Code | Daytime Phone # *(with area code)*
ROCKVILLE | MD | 20851 | 240-388-7107

4. Date of Birth *(mm/dd/yyyy)* | 5. Country of Birth | 6. Country of Citizenship
04/25/1955 | TANZANIA | TANZANIA

7. Gender | 8. Marital Status | 9. A # *(if any)*
☑ Male  ☐ Female | ☑ Married  ☐ Not Married | 97 709 901

10. Social Security # *(if any)* | 11. I-94 # *(Arrival/Departure Document)* | 12. DOS Personal Identification # *(PID)*
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 | 41059799007 | EAC0416350660

13. Date of Last Entry into the U.S. *(mm/dd/yyyy)* | 14. Current Immigration Status | 15. Relationship to Principal *(if applicable)*
08/04/2002 | G-4 | SELF

**Part 2.    Information about principal alien.**

1. Family Name | Given Name | Middle Name

2. Home Address - Street Number and Name | Apt.# | City | State | Zip Code

3. Date Tour of Duty Expected to End *(mm/dd/yyyy)* | 4. Country of Citizenship | 5. Marital Status
|  | ☐ Married  ☐ Not Married

6. Job Title | 7. I-94 # *(Arrival/Departure Document)* | 8. DOS Personal Identification # *(PID)*

**Part 3.    Type of request.** *(See instructions for complete information on the different types of requests.)*

1. ☑ I am requesting employment authorization as a:
   a. ☑ spouse.  b. ☐ son or daughter, age: [    ], who: ☐ is a full-time, post-secondary student.  ☐ is disabled.

2. ☑ I am requesting change/adjustment of status. *(Select one.)*
   a. ☐ Change of nonimmigrant status to A, G or NATO nonimmigrant - specifically to: [        ]
   b. ☐ Section 247(a), immigrant to A or G nonimmigrant.
   c. ☐ Change to other nonimmigrant status from A, G or NATO - specifically to: [        ]
   d. ☑ Adjustment from A, G of NATO nonimmigrant to immigrant.
   e. ☐ A-1, A-2, G-1 or G-2 nonimmigrant applying under Section 13 of the Act of September 11, 1957.

**Part 4.    Certification – Submit 2 copies with original signatures - "For Official Use Only" page must also be attached.**

I certify under penalty of perjury that the foregoing is true and correct. I understand false information is a basis for denial or termination of the benefit requested and for other penalties provided by law and regulation. If I am requesting employment authorization, I further certify that I do not have a criminal record. I have not violated United States immigration and/or visa laws, I have not worked illegally in the United States, and I have paid Social Security and all applicable taxes on all employment in the United States.

Signature | Date *(mm/dd/yyyy)*
*F. Mawalla* | 04/01/2005

Copy 1: CIS    Copy 2: DOS/NATO/HQ SACT/USUN/VISA OFFICE | Form I-566 (Rev. 02/23/04) N

00116

---

**Part 5.    Your personal information.**

| Your Name *(family, given, middle)* | Date of Birth *(mm/dd/yyyy)* | DOS Personal Identification # *(PID)* |
|---|---|---|
| MAWALLA, FREDERICK E.S. | 04/25/1955 | EAC-04-163-50660 |

**For Official Use Only**

**Part 6.    Certification by Diplomatic Mission, International Organization, NATO/HQ SACT or NATO Member State.**    *(Certifying official must have this information and page to complete process.)*

☐ I certify that the information provided on the first page of this Form I-566 is true and correct to the best of my knowledge and according to our official records.

☐ As an applicant for employment authorization, I further certify that his or her eligibility has been verified under the provisions of:

☐ A bilateral agreement with: _____    ☐ A *de facto* agreement with: _____

Check each of the following that apply:

☐ Without a numerical limit.    ☐ With a numerical limit and this applicant is within the limit; and
☐ Schedule B eligibility    ☐ Based on principal alien's G-4 status

☐ As an applicant for status as a principal alien, I further certify that he or she is being offered the position of: _____    and was notified to the DOS on *(date)*: _____

| Signature of Certifying Officer or Official | Printed Name | Official Seal |
|---|---|---|
| | | |

**Name and Address of Diplomatic Mission, International Organization, NATO/HQ SACT or NATO Member State**

| Duty/Title | Phone Number *(include area code)* | Date *(mm/dd/yyyy)* |
|---|---|---|
| | | |

**Part 7.    DOS, NATO/HQ SACT and/or USUN use only.**

1. The Department of State, NATO/HQ SACT and/or USUN:
   ☐ Recommends the request be granted.    ☐ Recommends the request be denied.
   If the recommendation is for denial, provide a reason(s) for such recommendation:

2. Date *(mm/dd/yyyy)*    Phone Number *(include area code)*    3. Office:
   ☐ Protocol  ☐ USUN  ☐ NATO/HQ SACT  ☐ Visa

4. Signature 1 _____    Signature 2 _____

**Part 8.    CIS use only.**

1. From:
   | Adjudicator's Identification # | CIS Office | Office Phone Number *(with area code)* | A # / File # |
   |---|---|---|---|
   | | | | |

2. To:
   ☐ Protocol  ☐ USUN  ☐ NATO/HQ SACT  ☐ Visa Office (Subject filed under Section 13. Please advise CIS of your findings.)

3. Adjustment or Change of Status:    Date of Decision *(mm/dd/yyyy)*    If change of status granted, give new status:
   ☐ Granted  ☐ Denied

4. Request for Employment Authorization:    Date of Decision *(mm/dd/yyyy)*:    Valid to *(mm/dd/yyyy)*:    Classification:
   ☐ Granted  ☐ Denied

5. DOS/NATO/HQ SACT/USUN/Visa Office Notified:    Date of Notification *(mm/dd/yyyy)*:
   ☐ Yes  ☐ No

U.S. Department of Homeland Security
20 Massachusetts Avenue, NW
Washington, DC 20529



**U.S. Citizenship
and Immigration
Services**

HQPRD 70/6.2.8-P

# Interoffice Memorandum

To:     REGIONAL DIRECTORS
        SERVICE CENTER DIRECTORS

From:   William R. Yates /S/
        Associate Director for Operations
        United States Citizenship and Immigration Services
        Department of Homeland Security

Date:   May 12, 2005

Re:     Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and
        Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
        Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

## Purpose

The purpose of this memorandum is to provide field offices with interim guidance on:

(1)     Processing Form I-140 petitions and Form I-485 applications in connection
        with the I-140 portability provision of §106(c) of AC21;
(2)     Adjudication of H-1B petitions in connection with the 7th year extension
        provisions of § 106(a) of AC21;
(3)     Adjudication of H-1B petitions in connection with the 7th year extension
        provisions of 104(c) for aliens subject to per country visa limitations; and
(4)     Adjudication of H-1B petitions in connection with the H-1B portability
        provisions of § 105 of AC21;

This interim guidance will only be in effect until regulations that are currently in progress
are published as a final rule. The proposed rule may take a more restrictive position than
this memorandum. Please note that the *Adjudicator's Field Manual* (*AFM*) will not be
updated at this time.

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 2**


### Prior AC21 Guidance

On January 29, 2001, the Office of Field Operations issued a memorandum entitled *"Interim Guidance for Processing H-1B Applications for Admission as Affected by the American Competitiveness in the Twenty-First Century Act of 2002, Public Law 106-313."* On June 19, 2001, the Office of Programs issued a follow-up memorandum entitled *"Initial Guidance for Processing H-1B Petitions as Affected by the American Competitiveness in the Twenty-First Century Act (Public Law 106-313) and Related Legislation (Public Law 106-311) and (Public Law 106-396)."* On February 28, 2003, the Immigration Service Division issued a memorandum entitled *"Procedures for concurrently filed family-based or employment-based Form I-485 when the underlying visa petition is denied."* On April 24, 2003, the Office of Operations issued a memorandum entitled *"Guidance for Processing H-1B Petitions as Affected by the Twenty-First Century Department of Justice Appropriations Authorization Act (Public Law 107-273)."* On August 4, 2003, the Office of Operations issued a memorandum entitled *"Continuing Validity of Form I-140 Petition in Accordance with Section 106(c) of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21)."*

All of these memoranda remain in effect and this memorandum supplements the existing guidance.

### New AC21 Guidance

New issues and questions in connection with I-140 portability cases and H-1B cases have arisen since the previous guidance memoranda were issued. Implementation of the provisions of AC21 have been further complicated by the interim rule published on July 31, 2002, allowing, in certain circumstances, the concurrent filing of Form I-140 and Form I-485. Previous Service regulations required an alien worker to first obtain approval of the underlying Form I-140 before applying for permanent resident status on the Form I-485.

This guidance is intended to address those questions and issues. This memorandum is divided into four separate sections, establishing guidelines and interim procedures for use by USCIS personnel:

- Section I
  Processing of Form I-140 petitions and Form I-485 applications when there is a question of eligibility for I-140 portability benefits under §106(c) of AC21.

- Section II
  Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §106(a) of AC21.

00119

Memorandum for Service Center Directors, et al.

Subject:  Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 3**

- Section III
  Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §104(c) of AC21 (aliens subject to per country limitations).

- Section IV
  Processing of H-1B petitions where there is a question of the affect of H-1B portability under §105 of AC21.

\* \* \* \* \*

## I.    Q & A ON PROCESSING OF I-140 PETITIONS AND I-485 APPLICATIONS UNDER THE I-140 PORTABILITY PROVISIONS OF §106(C) OF AC21

**Question 1.    How should service centers or district offices process <u>unapproved</u> I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days in relation to the I-140 portability provisions under §106(c) of AC21?**

**Answer:**    If it is discovered that a beneficiary has ported off of an unapproved I-140 and I-485 that has been pending for 180 days or more, the following procedures should be applied:

    A. Review the pending I-140 petition to determine if the preponderance of the evidence establishes that the case is approvable or would have been approvable had it been adjudicated within 180 days.  If the petition is approvable but for an ability to pay issue or any other issue relating to a time after the filing of the petition, approve the petition on its merits.  Then adjudicate the adjustment of status application to determine if the new position is the same or similar occupational classification for I-140 portability purposes.

    B. If additional evidence  is necessary to resolve a material post-filing issue such as ability to pay, an RFE can be sent  to try to resolve the issue.  When a response is received, and if the petition is approvable, follow the procedures in part A above.

**Question 2.    How should service centers or district offices process unapproved I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days and a Request for Evidence (RFE) has been issued?**

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                          **Page 4**

**Answer:**     If a response to an RFE is received, and the response does not adequately address the issues, or the response is simply that the beneficiary no longer works for the petitioner, or a response is not received at all, and the petition still cannot be approved:

  A. Deny the petition on the merits of the case; and

  B. Deny the I-485 and the portability request since there was never an approved petition from which to port.

**Question 3.**     **What is "same or similar" occupational classification for purposes of I-140 portability?**

**Answer:**     When making a determination if the new employment is the "same or similar" occupational classification in comparison to the employment in the initial I-140, adjudicators should consider the following factors:

  A. Description of the job duties contained in the ETA 750A or the initial I-140 and the job duties of the new employment to determine if they are the "same or similar" occupational classification.

  B. The DOT code and/or SOC code assigned to the initial I-140 employment for petitions that have a certified ETA 750A or consider what DOT and/or SOC code is appropriate for the position for an initial I-140 that did not require a certified ETA 750A. Then consider the DOT code and/or SOC code, whichever is appropriate for the new position to make a determination of "same or similar" occupational classification.

  C. A substantial discrepancy between the previous and the new wage. (See **Question 5** of this section for further clarification).

**Question 4.**     **Should service centers or district offices use a difference in geographic location of the employment in the approved labor certification and initial I-140, and the new employment as basis for denial in I-140 portability cases?**

**Answer:**     No. The relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment when considering the alien's new position and job duties and not the geographic location of the new employment.

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

<u>Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)</u>                                        **Page 5**

**Question 5.**    **Should service centers or district officers use a difference in the wage offered on the approved labor certification and initial I-140, and the new employment as basis for denial in adjustment portability cases?**

**Answer:**    No. As noted above the relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment. A difference in the wage offered on the approved labor certification, initial I-140 and the new employment cannot be used as a basis of a denial. However, a substantial discrepancy between the previous and the new wage may be taken into consideration as a factor in determining if the new employment is "same or similar."

**Question 6.**    **Can multinational managers or executives classifiable under 8 USC 203(b)(1)(C) avail themselves of AC21 § 106(c) (8 USC § 204(j)) portability benefits even where the alien changes to a new job as a manager for an unrelated company? Can "same or similar" for multinational employees mean employment with an unrelated company?**

**Answer:**    Yes, multinational managers or executives can avail themselves of portability benefits where the alien changes to a new job as a manager or executive <u>even for an unrelated company</u>. However, there may be factual circumstances where such aliens cannot benefit from porting (i.e. where the job duties are vastly different, so that that the new position is not in the same or similar occupational classification as the I-140 employment).

**Question 7.**    **Should service centers or district offices request proof of "ability to pay" from successor employers in I-140 portability cases, in other words, from the new company/employer to which someone has ported?**

**Answer:**    No. The relevant inquiry is whether the new position is in the same or similar occupational classification as the alien's I-140 employment. It may be appropriate to confirm the legitimacy of a new employer and the job offer through an RFE to the adjustment applicant for relevant information about these issues. In an adjustment setting, public charge is also a relevant inquiry.

**Question 8.**    **Can an alien port to self-employment under INA § 204(j)?**

**Answer:**    Yes, as long as the requirements are met. First, the key is whether the employment is in a "same or similar" occupational classification as the job for which the original I-140 petition was filed. Second, it may be appropriate to

Memorandum for Service Center Directors, et al.

Subject:  Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

<u>Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)</u>                     **Page 6**

confirm that the new employer and the job offer are legitimate through an RFE to the adjustment applicant for relevant information about these issues. Third, as with any portability case, USCIS will focus on whether the I-140 petition represented the truly intended employment at the time of the filing of both the I-140 and the I-485. This means that, as of the time of the filing of the I-140 and at the time of filing the I-485 if not filed concurrently, the I-140 petitioner must have had the intent to employ the beneficiary, and the alien must have intended to undertake the employment, upon adjustment. Adjudicators should not presume absence of such intent and may take the I-140 and supporting documents themselves as prima facie evidence of such intent, but in appropriate cases additional evidence or investigation may be appropriate.

**Question 9.**    **Must a successor employer in an I-140 portability case provide a new labor certification?**

**Answer:**        No.  There is no requirement that successor employers in adjustment portability cases obtain a new labor certification for those occupations traditionally requiring one. AC21 also provides that any underlying labor certification also remains valid if the conditions of §106(c) are satisfied. The beneficiary of an approved labor certification may benefit from it although the alien seeks to adjust on the basis of different employment.

**Question 10.**   **Should service centers or district offices deny portability cases on the sole basis that the alien has left his or her employment with the I-140 petitioner prior to the I-485 application pending for 180 days?**

**Answer:**        No.  The basis for adjustment is not actual (current) employment but prospective employment.  Since there is no requirement that the alien have ever been employed by the petitioner while the I-140 and/or I-485 was pending, the fact that an alien left the I-140 petitioner before the I-485 has been pending 180 days will not necessarily render the alien ineligible to port. However, in all cases an offer of employment must have been bona fide. This means that, as of the time the I-140 was filed and at the time of filing the I-485 if not filed concurrently, the I-140 petitioner must have had the intent to employ the beneficiary, and the alien must have intended to undertake the employment, upon adjustment. Adjudicators should not presume absence of such intent and may take the I-140 and supporting documents themselves as prima facie evidence of such intent, but in appropriate cases additional evidence or investigation may be appropriate.

**Question 11.**   **When is an I-140 no longer valid for porting purposes?**

**Answer:**        An I-140 is no longer valid for porting purposes when:

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

<u>Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)</u>                    **Page 7**

> A. an I-140 is withdrawn before the alien's I-485 has been pending 180 days, or
>
> B. an I-140 is denied or revoked at any time except when it is revoked based on a withdrawal that was submitted after an I-485 has been pending for 180 days.

**Question 12.  Can the 180 days that an I-485 application must be pending for I-140 portability eligibility accrue during a period when visa numbers are unavailable?**

**Answer:**          Yes.  The fact that a visa number becomes unavailable after the filing of the I-485 application does not stop the number of days required for I-140 portability eligibility from accruing.

**Question 13.  Does the alien's priority date change as a result of porting under §106(c) of AC21?**

**Answer:**          No.  The priority date continues to be determined at the time of the initial labor certification filing with the Department of Labor or at the time the initial I-140 immigrant petition is filed with USCIS (in cases where no labor certification is required).

**Question 14.  Must the alien have a new offer of employment at the time the I-485 is being adjudicated under the I-140 portability provisions?**

**Answer:**          Yes.  The alien cannot still be looking for "same or similar" employment  at the time the I-485 is being adjudicated under the adjustment portability provisions. The alien must be able to show there is a new valid offer of employment at the time the I-485 is adjudicated.

**II.          Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE EXTENSION PROVISION OF §106(A) ALLOWING EXTENSION PAST THE H-1B 6 YEAR LIMIT**

**Question 1.    When an alien would otherwise be eligible for an H-1B extension, is it necessary to first file a Form I-129 requesting an extension of time to allow the beneficiary to complete or nearly complete the initial 6 years, and then file an additional Form I-129 requesting an extension of time beyond the 6 years?**

**Answer:**          No.  Section 106(a) of AC21 allows an alien to obtain an extension of H-1B status beyond the 6-year maximum period, when:

00124

Memorandum for Service Center Directors, et al.

Subject:  Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

<u>Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)</u>                              **Page 8**

      A.  365 days or more have passed since the filing of any application for labor certification, Form ETA 750, that is required or used by the alien to obtain status as an EB immigrant, or

      B.  365 days or more have passed since the filing of an EB immigrant petition.

Once these requirements have been met, the alien may be granted an extension beyond the 6-year maximum on or prior to the date the alien reaches the 6-year maximum.  Such extensions may only be granted in one-year increments, but may be requested on a single (combined) extension request for any remaining time left in the initial 6-year period. Requiring the filing of two extension petitions merely increases petitioner and CIS workloads, and has no basis in statute.  In no case, however, may the total period of time granted on an extension exceed a cumulative total of 3 years.  8 CFR 214.2(h)(15)(ii)(B)(1).

**Question 2.**   **How early can a request for an H-1B extension beyond the 6th year be filed?**

**Answer:**   The April 24, 2003 guidance memorandum is modified in the following manner: a petitioner must establish that the above criteria (see Question 1 outlining requirements under Section 106(a)) were or will be met either on or before the requested start date on the H-1B extension application.  Thus, an alien is eligible for an extension of H-1B status beyond the 6th year as long as either the qualifying labor certification application or I-140 petition has or will have been pending for at least 365 days prior to the alien's requested start date, regardless of whether the H-1B extension application was filed prior to the passage of such period If the alien would no longer be in H-1B status at the time that 365 days from the filing of the labor certification application or immigrant petition has run, thus leaving a gap in valid status, then the extension of stay request cannot be granted.

**Question 3.**   **Are there cases where an alien, who has been granted an H-1B extension beyond the 6th year, will nonetheless only be allowed to remain for the 6-year maximum period of stay?**

**Answer:**   Yes.  As addressed in the April 24, 2003 guidance memorandum, USCIS is required to grant the extension of stay request made under section 106(a) of AC21, in one-year increments, until such time as a final decision has been made to:

      A.  Deny the application for labor certification, or, if the labor certification is approved, to deny the EB immigrant petition that was filed pursuant to the approved labor certification;