Page 2
A97709901
EAC0416350660

The record does not contain evidence that you are the beneficiary of an approved immigrant petition, or that there is a concurrently filed immigrant petition awaiting review in your behalf.    For that reason, you have not established that there is an immigrant visa immediately available to you.

Therefore, your application is denied.

The regulations do not provide for an appeal from this decision.


Sincerely,

*Paul E. Novak Jr.*

Paul E. Novak, Jr.
Center Director


CC:    FREDERICK E S MAWALLA
       509 CASTLEFORD STREET
       ROCKVILLE MD 20851

00276

LAW OFFICES

# DENNIS A. BAIRD, ESQ., P.C.

1323 Fenwick Lane, Suite 100
Silver Spring, MD 20910

Tel: (301) 650-2030
Fax: (301) 650-2033

Email: dbairdlaw@verizon.net
Admitted in MD. PA. & DC

July 14, 2005

U.S. Citizenship and Immigration Services
75 Lower Welden Street
St. Albans, VT 05479

**Re:   Frederick Mawalla**
**A No.: A97709901**
**File Reciept No.: EAC0416350660**

Dear Sir or Madam:

Pursuant to your letter dated June 29, 2005, this response shall serve as Mr. Mawalla's Motion to Reconsider denying his I-485 application to adjust his status as that of a lawful permanent resident. Enclosed please find a G-28, Notice of Entry as Attorney of Record and a check in the amount of $110, the requisite filing fee for a Motion to Reconsider.

A brief review of the facts in this matter is necessary. On May 15, 2002, Intelsat Global Service an I-140, Immigrant Petition for an Alien Worker on behalf of Mr. Mawalla. On October 31, 2002. Allegedly, in a letter dated August 20, 2004 and received on September 17, 2004, Intelsat stated that Mr. Mawalla was no longer employed at the company and they were requesting a withdrawal of the already approved petition. However, on April 29, 2004 Mr. Mawalla allegedly filed an I-485 application to adjust his status to that of a lawful permanent resident. On March 1, 2005 the previously approved I-140 was revoked by the Service.

On March 11, 2005 Mr. Mawalla received a letter from the Service stating that the I-140 was revoked however, under section 106(c) of The American Competitiveness in the Twenty First Century Act (AC21), provided that Mr. Mawalla may still adjust his status, despite the grounds of any ineligibility listed above, if the application has been pending for 180 days or more and he can establish that he has a bona fide offer of employment from a new employer in the same or similar occupation.

On April 6, 2005, this office responded by invoking section 106(c) of the AC21 Act by providing the required documents:

1.   A written request for consideration under section 106(c) of the AC21.

00277

2.   An original letter on company letterhead outlining employment or offer of employment by prospective employer.

3.   Letter accepting employment;

4.   Original, completed Form I-508 Waiver of Rights, Privileges, Exemptions and Immunities;

5.   Original completed Form I-566- Interagency Record of Individual Requesting Change/adjustment to or from A or G Status;

As previously mentioned on June 29, 2005 the Service denied the applicant's adjustment of status application.

From the inception, it should be reiterated that the service has indicated that the petition was revoked on March 1, 2005. Accordingly, this is approximately 1 year after the applicant filed his adjustment of status application on April 29, 2004. The Service has alleged that the I-485 was pending less than 180 days at the time of the withdrawal of the petition.

However, it should be noted that to the present date the USCIS has not promulgated regulations relating to AC21. The USCIS has issued two internal memorandums collectively known as the William R. Yates memorandums written on August 4, 2003 and May 12, 2005. Moreover, it should be noted that these memorandums were not written at the time the applicant's I-140 petition was approved. In addition, the second memorandum was not written at the time the applicant filed his I-485 application. Therefore, neither memorandum should be applied retroactively.

Furthermore, it is incomprehensible why the Service would state in its letter dated March 11, 2005 that applicant was eligible of The American Competitiveness in the Twenty First Century Act (AC21) and then deny said application after the applicant has provided the requested documents for eligibility under AC21. Accordingly, the applicant's I-485 application warrants approval under AC21.

Lastly, on June 29, 2005 the service issued adjustment of status denial letters to Mr. Mawalla's wife, A No: A72 422313, Mr. Mawalla's three children namely; Koichi K. Mawalla, A No: A98364706, Sombiro K. Mawalla, A98364708,and Wene F. Mawalla, A No: A98364707. Accordingly, the above-mentioned are all derivative beneficiaries and we hereby incorporate reference herein this motion to reconcile and have it apply to all the derivative beneficiaries as they warrant adjudication and approval based upon the primary beneficiary's AC21 eligibility.

Thank you for your cooperation in this regard.

Sincerely,

Dennis Baird, Esq.
DAB/sb

2

00278

U.S. Department of Homeland Security
75 Lower Welden Street
St. Albans, VT 05479



**U.S. Citizenship
and Immigration
Services**

August 29, 2005

FREDERICK MAWALLA
C/O DENNIS A BAIRD ESQ
1323 FENWICK LANE SUITE 100
SILVER SPRING MD  20910

A Number: A97709901
File Receipt Number: EAC0416350660
Motion Number: EAC0520951481

Dear Sir/Madam:

This refers to your motion filed on July 18, 2005.  You seek the reopening or reconsideration of the decision
rendered by the United States Citizenship and Immigration Services (the Service) on June 29, 2005, denying or
revoking the Application to Register Permanent Residence or Adjust Status (Form I-485) filed by you on April
29, 2004.

Title 8, Code of Federal Regulations, part 103.5 provides that a motion to reopen must state the new facts to be
proved in the reopened proceeding and be supported by affidavits or other documentary evidence.  Further, a
motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent
decisions to establish that the decision was based on an incorrect application of law or Service policy.

Your motion does not provide new facts to be proved nor does it give reasons for reconsideration.  Therefore,
your motion is hereby dismissed per 8 CFR 103.5(a)(4).

Sincerely,

*Paul E. Novak G.*

Paul E. Novak, Jr.
Center Director

00279

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**
**VERMONT SERVICE CENTER**

IN THE MATTER OF:                )
                                 )
MAWALLA, Frederick               )        File Receipt No.: EAC-04-163-50660
A97 709 901                      )
                                 )

## MOTION TO REOPEN/RECONSIDER
## DENIAL OF THE APPLICANT'S I-485 APPLICATION
## TO ADJUST TO PERMANENT RESIDENT STATUS

Pursuant to 8 C.F.R. § 103.5 (2003), Frederick Mawalla, Applicant, by and through

his attorney, Paul Shearman Allen and Associates, hereby respectfully request

reopening and reconsideration of the decision of the Center Director of the U.S.

Citizenship and Immigration Services (USCIS), Vermont Service Center (VSC),

dated August 29, 2005 denying Applicant's I-485, Application to Adjust to

Permanent Resident Status.

### I.    STATEMENT OF THE FACTS

1.     On March 18, 2002, the U.S. Department of Labor approved the

Applicant's ETA-750, Application for Alien Labor Certification *(please see enclosed*

*Exhibit A).*

2.     On May 17, 2002, the USCIS received an I-140, Immigrant Petition

for Alien Worker filed by the Applicant's petitioner, Intelsat Global Service

Corporation *(please see enclosed Exhibit B).*

00280

3.    On November 1st, 2002, the USCIS approved the I-140, Immigrant Petition for Alien Worker *(please see enclosed Exhibit C)*.

4.    On April 29, 2004, the USCIS received Applicant's I-485, Adjustment of Status Application *(please see enclosed Exhibit D)*.

5.    On March 11, 2005, the USCIS issued a Notice of Intent to Deny Applicant's I-485, Adjustment of Status Application with a deadline to submit additional evidence by April 9, 2005. The USCIS requested additional evidence to establish that the applicant is eligible to adjust status pursuant to section 106(c) of the AC21 Act *(please see enclosed Exhibit E)*. It is also pertinent to note that in its notice of Intent to Deny, the USCIS stated that:

> "On March 1st, 2005, the immigrant visa petition (Form I-140) that was filed and approved on your behalf was revoked... However, section 106(c) of The American Competitiveness in the Twenty First Century Act (AC21) provides that you may still adjust status, despite the grounds of ineligibility listed above, if your application has been pending for 180 days or more and you can establish that you have a bona fide offer of employment from a new employer in a same or similar occupation. In order for the validity of the revoked immigrant visa petition (Form I-140) to be preserved for adjustment of status based upon a new offer of employment pursuant to section 106(c) of the AC21 Act, you must submit the following: (1) a written request to have your application considered under section 106(c) of the AC21 Act; (2) an original letter on company letterhead outlining your employment or offer of employment by your current or prospective employer containing a detailed description of the offered position, duties, remuneration and prospect for continued employment..."

6.    On April 6, 2005, Applicant timely and properly responded to the USCIS Notice of Intent to Deny and submitted any and all additional evidence requested by the USCIS that made him eligible to adjust his status pursuant to section 106(c) of the AC21 Act *(please see enclosed Exhibit F)*.

2

00281

7.    On June 29, 2005, the USCIS denied Applicant's I-485 application although the Applicant has provided all the requested documents demonstrating his eligibility under section 106 (c) of the AC21 Act *(please see enclosed Exhibit G)*.

Obviously enough, the USCIS is mistaken, erred in its interpretation of the provisions of §106(c) of AC21 and consequently, erroneously denied Applicant's I-485 application. Accordingly, we submit herein the following evidence to demonstrate that Applicant is eligible to adjust status to Lawful Permanent Resident under section 106(c) of the AC21 Act.  For the reason stated below, we now seek reversal of the USCIS decision and approval of this I-485 application.

## III.    THE ARGUMENT

In 2000, Congress passed the American Competitiveness in the Twenty-First Century Act (AC21), Public Law 106-313, 114 Stat 1251 (October 17, 2000). Section 106(c) of AC21 amended section 204 of the act by adding the following provision, codified as 8 U.S.C. § 1154(j):

> Job Flexibility For Long Delayed Applicants for Adjustment of Status to Permanent Residence – A petition under subsection (a)(1)(D) [since re-designated section 204(a)(1)(F)] for an individual whose application for adjustment of status pursuant to section 245 has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed.

Section 212(a)(5)(A)(iv) of the Act, 8 U.S.C.  § 1182(a)(5)(A)(iv), states further:

> Long Delayed Adjustment Applicants – A certification made under clause (i) with respect to an individual whose petition is covered by section 204(j) shall remain valid with respect to a new job accepted by the individual after the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the certification was issued.

3

00282

At the time AC21 went into effect, legacy Immigration and Naturalization Service (INS) regulations provided that an alien could not apply for permanent resident status by filing a Form I-485, application to adjust status, until he or she obtained the approval of the underlying Form I-140 immigrant visa petition. *See* 8 C.F.R. § 245.2(a)(2)(i) (2000). Therefore, the process under section 106(c) of AC21 at the time of enactment was as follows: first, an alien obtains an approved employment-based immigrant visa petition; second the alien files an application to adjust status; third, if the adjustment application was not processed within 180 days, the underlying immigrant visa petition remained valid even if the alien changed employers or positions, provided the new job was in the same or similar occupational classification *(please see May 12, 2005 Memorandum from William Yates, Associate Director of Operations at USCIS' Headquarters interpreting a number of important provisions from AC221, enclosed document marked as Exhibit H)*. The May 2005 Memo clarifies that, in order to use portability, the I-140 petition need not be based at all on an applicant's current job. The only requirement is that the I-485 must be pending 180 days and, importantly, that the applicant truly intended to work for the initial I-140 sponsor upon approval of the adjustment. Examiners are not permitted to presume the absence of such intent.

Per se, Applicant is entitled to adjust his status to Lawful Permanent Resident under the I-140 portability provision in AC21. He is the beneficiary of an approved I-140 immigrant visa petition. He filed his I-485 adjustment of status application on April 29, 2004 that remained unadjudicated for more than 180 days. The I-140 immigrant visa petition was revoked on March 1st, 2005. Applicant has sufficiently

4

·demonstrated that he has a bona fide offer of employment from a new employer in a

same or similar occupation *(please see enclosed job offer letter dated February 2,*

*2005, marked as Exhibit I)*. The offer of employment remains valid to Applicant

*(please see enclosed current job offer letter dated September 22, 2005, marked as*

*Exhibit J)*. As specifically requested by the USCIS in its March 11, 2005 Notice of

Intent to Deny, both employment offer letters (respectively dated February 2 and

September 22, 2005) provided by the Applicant's prospective employer, are printed

on the original company letterhead, outline the offer of employment, contain a

detailed description of the offered position, duties, remuneration and prospect for

continued employment.

The Applicant is being treated unfairly by the USCIS. His eligibility for adjustment

portability (under AC21) when 180 days have passed since filing the I-485, has

already been proven to the USCIS. He should not have to start the process all over

again with no assurance the result will be any different next time.

## IV.    **CONCLUSION**

Accordingly, for the foregoing reasons, the USCIS' decision must be vacated

and reversed, and the Applicant's I-485 application should, in all things, be granted.


Respectfully submitted,

Paul S. Allen
Paul Shearman Allen & Associates
Attorney for Respondent
1329 18th Street, N.W.
Washington, D.C. 20036
(202) 638-2777

5

00284

U.S. DEPARTMENT OF LABOR
EMPLOYMENT AND TRAINING ADMINISTRATION
The Curtis Center
170 S. Independence Mall West
Suite 825 East
Philadelphia, Pennsylvania 19106-3315

## FINAL DETERMINATION

P2002-DC-03371216

March 18, 2002

In reply refer to:  REP

Frederick MAWALLA
Alien's name

Electronics Test Engineer
Alien's Occupation

INTELSAT GLOBAL SERVICE CORPORATION
Linda Hoffman, Esquire
c/o Freilicher & Hoffman  PC
1925 K Street, N.W., Suite 200
Washington, DC  20006

October 25, 2001
Date of acceptance for processing

The Department of Labor has made a determination on your Application for Employment Certification pursuant to Title 20, Code of Federal Regulations, Part 656 and as required by the Immigration and Nationality Act, as amended.

Form ETA 750 has been certified and is enclosed. This certification must be attached to the I-140 petition and filed with the Immigration and Naturalization Service, U.S. Department of Justice, Eastern Service Center, 75 Lower Welden Street, St. Albans, Vermont 05479-0001.

Sincerely,


Richard E. Panati
Certifying Officer

cc:    State ES Agency - DC
       INTELSAT GLOBAL SERVICE CORPORATION
       Frederick MAWALLA

Attachments:  ETA 750A, ETA 750B

ETA 7145PA(REV.MAR.,1990)

00285

Case 1:05-cv-00443-RMC   Document 6-13   Filed 06/01/2006   Page 11 of 25

**IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM**

PRINT legibly or typewrite. If you need more space to answer questions on form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.

To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001).

# APPLICATION
## FOR
## ALIEN EMPLOYMENT CERTIFICATION

## PART A. OFFER OF EMPLOYMENT

**1. Name of Alien** *(Family name in capital letter, First, Middle, Maiden)*

MAWALLA          Frederick          Eliampenzi Sombiro

| 2. Present Address of Alien *(Number, Street, City and Town, State ZIP Code or Province, Country)* | | | | | 3. Type of Visa *(If in US.)* |
|---|---|---|---|---|---|
| 509 Castleford Street | Rockville | MD | 20851 | USA | G-4 |

The following information is submitted as evidence of an offer of employment.

| 4. Name of Employer *(Full name of organization)* | 5. Telephone *(Area Code and Number)* |
|---|---|
| Intelsat Global Service Corporation | 202-944-6800 |

**6. Address** *(Number, Street, City or Town, Country, State, Zip Code)*

3400 International Drive, N.W., Washington, DC 20008 USA

**7. Address Where Alien Will Work** *(if different from item 6)*

Same address as #6

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule (Hourly) | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | | a. Basic | b. Overtime |
| Global Telecommunications | Technical Support Engineer, Earth Station Support | 40 | N/A | 8:30 a.m. 5:15 p.m. | $69,660.00 per Year | $N/A per hour |

**13. Describe Fully the Job to be Performed** *(Duties)*

Process earth station application which involves determination of proper authorization of the party submitting the application, entering the critical earth station information into the database, authorizing the earth station to perform verification testing using Intelsat facilities and obtaining any missing or unclear information; develop the earth station verification test plan, coordinating and scheduling verification tests; knowledge of earth station technology and satellite beam coverages is necessary to properly assign capacity which is capable of supporting the testing; evaluating the verification test results to determine whether station performance is compliant with the Intelsat mandatory specifications as contained in the Intelsat Earth Station Standards (IESS); An understanding of earth station technology is required to understand the potential anomalies, improper equipment configurations, mis-alignments or improper test techniques that can result in the earth station performance not meeting the specification; interface and interact directly with the customer, and/or his designated engineer, in completing the earth station application, developing the verification test plan, scheduling the verification tests and analyzing the test results and otherwise assisting the customer in the earth station approval and certification process;  SEE ATTACHED.

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactory the job duties described in item 13 above. | | | | | 15. Other Special Requirements |
|---|---|---|---|---|---|
| **EDUCATION** *(Enter number of years)* | Grade School | High School | College | College Degree Required *(specify)* Master's Degree | * Telecommunications Engineering; or a Bachelor's degree in Electrical, Electronics, or Telecommunications Engineering and 5 years of experience in Telecommunications Satellite Engineering. |
| | | Completed | 6 | Major Field of Study Electrical, Electronics, or * | |
| **TRAINING** | No. | Yrs. | No. Mos. | Type of Training | |
| **EXPERIENCE** | Job Offered | Related Occupation | Related Occupation *(specify)* N/A | | |
| | Yrs. Mos. | Yrs. Mos. | | | |
| | N/A N/A | N/A N/A | | | |

| 16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor ▶  Manager Earth Station Systems | 17. Number of Employees Alien Will Supervise  0 |
|---|---|

ENDORSEMENTS *(Make no entry in section - for government use only)*

PURSUANT TO THE PROVISIONS OF SECTION 212 (A) (14) OF THE IMMIGRATION AND NATIONALITY ACT AS AMENDED, I HEREBY CERTIFY THAT THERE ARE NOT SUFFICIENT U. S. WORKERS AVAILABLE AND THE EMPLOYMENT OF THE ABOVE WILL NOT ADVERSELY AFFECT THE WAGES AND WORKING CONDITIONS OF WORKERS IN THE U. S. SIMILARLY EMPLOYED.

MAR 18 2002
*(DATE)*

*Richard E. Gamota*
*(CERTIFYING OFFICER)*

| Date Forms Received | |
|---|---|
| L.O. | S.O. |
| R.O. | N.O. |
| Ind/Code 4895 | Occ. Code 003061045 |
| Occ. Title Electronics Engineer | |

es MA 750-A, B and C (Apr. 1970 edition) which is obsolete.

ETA 750 (Oct. 1979)

00286

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | 19. IF JOB IS UNIONIZED (Complete) | |
|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Intend To Employ | a. Number of Local | b. Name of Local |
| | From / To | | |
| | | | c. City and State |

**20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS**   *(Complete for Private Household Job ONLY)*

| a. Description of Residence | | b. No. Persons Residing at Place of Employment | | | | | c. Will free board and private room not shared with anyone be provided? | ("X" one) |
|---|---|---|---|---|---|---|---|---|
| ("X" one) | Number of Rooms | Adults | BOYS | Children | | Ages | | ☐ YES  ☐ NO |
| ☐ House | | | | | | | | |
| ☐ Apartment | | | GIRLS | | | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.**   *(Specify Sources of Recruitment by Name)*

Employer advertised as follows:

The Washington Post; Sunday, September 9, 2001
The Washington Post; Sunday, July 1, 2001
The Washington Post; Monday, April 16, 2001
The Washington Post; Sunday, March 11, 2001
The Washington Post; Sunday, February 11, 2001

Results of the recruitment, including the results from the Posting Notice, are attached.

**22. Applications require various types of documentation. Please read PART II of the Instructions to assure that appropriate supporting documentation is included with your application.**

### 23. EMPLOYER CERTIFICATIONS

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.*

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

  (1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

  (2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

### 24. DECLARATIONS

DECLARATION OF EMPLOYER ➤ *Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.*

| SIGNATURE | DATE |
|---|---|
| | Sept 14, 2001 |

| NAME (Type or Print) | TITLE |
|---|---|
| Benjamin H. Katcoff | Senior Director, Human Resources Division |

AUTHORIZATION OF AGENT OF EMPLOYER ➤ *I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.*

| SIGNATURE OF EMPLOYER | DATE |
|---|---|
| | |

| NAME OF AGENT (Type or Print) | ADDRESS OF AGENT (Number, Street, City, State, ZIP Code) |
|---|---|
| | |

00287



**FORM ETA 750A Addendum**
**Re: MAWALLA, Frederick Eliampenzi Sombiro**

**Question #13 Continued:**

Coordinate resources and activities with various Intelsat departments such as Service Implementation, operations Center (IOC), Satellite Control Facility (SCF) and Network Operations (NOD); offer technical assistance and suggestions to customer and make real-time priority decisions in the event of poor earth station performance results, based on detailed technical knowledge of the CSM, earth station engineering and experience with the AVT process; assist with the development of refinements of the AVT process and procedures and the SSOG; and provide technical assistance to, and cross-training of fellow staff within the department.

Sept 14, 2001

**BENJAMIN H. KATCOFF**                                    **DATE**
**Director, Human Resources Division**

00288

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER<br>EAC-02-192-50905 | CASE TYPE  I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
| RECEIPT DATE<br>May 17, 2002 | PRIORITY DATE<br>October 25, 2001 | PETITIONER<br>INTELSAT GLOBAL SERV |
| NOTICE DATE<br>November 1, 2002 | PAGE<br>1 of 1 | BENEFICIARY<br>MAWALLA, FREDERICK E. |

LINDA M. HOFFMAN
FREILICHER & HOFFMAN PC
1925 K ST NW STE 200
WASHINGTON DC 20006

Notice Type:  Approval Notice
Section: Mem of Profession w/Adv Deg,or
of Exceptn'l Ability
Sec.203(b)(2)

The above petition has been approved.  The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status.  He or she should contact the local INS office to obtain Form I-485, Application for Permanent Residence.  A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center.  Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action.  The NVC also determines which consular post is the appropriate consulate to complete visa processing.  It will then forward the approved petition to that consulate.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

CLIENT COPY

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
5 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-4913



Form I-797 (Rev. 09/07/93)N

00289

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER**<br>EAC-02-192-50905 | **CASE TYPE** I140<br>IMMIGRANT PETITION FOR ALIEN WORKER |
| **RECEIPT DATE**<br>May 17, 2002    **PRIORITY DATE**<br>October 25, 2001 | **PETITIONER**<br>INTELSAT GLOBAL SERV |
| **NOTICE DATE**<br>November 1, 2002    **PAGE**<br>1 of 1 | **BENEFICIARY**<br>MAWALLA, FREDERICK E. |

LINDA M. HOFFMAN
FREILICHER & HOFFMAN PC
1925 K ST NW STE 200
WASHINGTON DC 20006

**Notice Type:** Approval Notice
**Section:** Mem of Profession w/Adv Deg,or
of Exceptn'l Ability
Sec.203(b)(2)

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. He or she should contact the local INS office to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center. Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

**CLIENT COPY**

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
5 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-4913



Form I-797 (Rev. 09/07/93)N

00290

## THE UNITED STATES OF AMERICA

| | |
|---|---|
| **RECEIPT NUMBER**<br>EAC-04-163-50660 | **CASE TYPE** I485 APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
| **RECEIVED DATE**<br>April 29, 2004 | **PRIORITY DATE** | **APPLICANT** A97 709 901<br>MAWALLA, FREDERICK E. |
| **NOTICE DATE**<br>May 11, 2004 | **PAGE**<br>1 of 1 | |

DENNIS A. BAIRD ESQ
LAW OFFICES OF DENNIS A BAIRD ESQ
1323 FENWICK LANE 100
SILVER SPRING MD 20910

**Notice Type:** Receipt Notice

Amount received: $ 305.00
Section: Adjustment as direct
         beneficiary of immigrant
         petition

The above application or petition has been received. It usually takes 365 to 540 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

You can also visit the INS on the internet at www.bcis.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



U.S. Department of Homeland Security
75 Lower Welden Street
St. Albans, VT 05479



**U.S. Citizenship and Immigration Services**

March 11, 2005

FREDERICK E S MAWALLA
C/O DENNIS A BAIRD ESQ
1323 FENWICK LANE 100
SILVER SPRING MD  20910

A Number: A97709901
File Receipt Number: EAC0416350660

Dear Sir/Madam:

Pursuant to Title 8, Code of Federal Regulations, part 103.2(b)(16)(i), you are hereby notified of the United States Citizenship and Immigration Services' intent to deny the Application to Register Permanent Residence or Adjust Status (Form I-485) that you filed under section 245 of the Immigration and Nationality Act (the Act).

This letter is being sent to you because you do not appear to be eligible to adjust your status to that of a lawful permanent resident, <u>unless you submit certain additional material</u>.  An explanation follows.

Section 245(a) of the Act as amended provides that adjustment of status may be approved for an applicant only if the applicant was inspected and admitted or paroled into the United States and if the applicant meets all of the following three criteria:

  1)  the alien makes an application for such adjustment,
  2)  the alien is eligible to receive an immigrant visa and is admissible to the United States,
  3)  an immigrant visa is immediately available to him at the time his application is approved.

On March 1, 2005, the immigrant visa petition (Form I-140) that was filed and approved on your behalf was revoked.  Based on the current record, you do not appear to be eligible to adjust status to Lawful Permanent Resident since there is no longer an immigrant visa immediately available to you.

However, section 106(c) of The American Competitiveness in the Twenty First Century Act (AC21) provides that you may still adjust status, despite the grounds of ineligibility listed above, if your application has been pending for 180 days or more and you can establish that you have a bona fide offer of employment from a new employer in a same or similar occupation.

S
0029

Page 2
A97709901
EAC0416350660

In order for the validity of the revoked immigrant visa petition (Form I-140) to be preserved for adjustment of status based upon a new offer of employment pursuant to section 106(c) of the AC21 Act, you must submit the following:

1) A written request to have your application considered under section 106(c) of the AC21 Act.

2) An original letter on company letterhead outlining your employment or offer of employment by your current or prospective employer containing a detailed description of the offered position, duties, remuneration and prospect for continued employment.

Should you establish that you are eligible to adjust status pursuant to section 106(c) of the AC21 Act, provide the following additional supporting documents.

Please submit **an original**, completed Form I-508, Waiver of Rights, Privileges, Exemptions, and Immunities. Form I-508 must be submitted for aliens who hold A, E, or G status. As indicated on the directions for the Application to Register Permanent Residence or Adjust Status (Form I-485), due to your claimed nonimmigrant status, "you are not eligible for adjustment of status...unless you complete Form I-508 (I-508F for French Nationals) to waive diplomatic rights, privileges and immunities..." Form I-508 must be submitted by all applicants who were admitted as an A, E, or G nonimmigrant and have not changed status to another nonimmigrant classification. This form is required regardless of whether you continue to maintain A, E, or G status.

- Please submit **an original** completed Form I-566, Interagency Record of Individual Requesting Change/Adjustment to or from A or G status. Form I-566 must be submitted for aliens who hold A or G status. As indicated on the directions for the Application to Register Permanent Residence or Adjust Status (Form I-485), due to your claimed nonimmigrant status, "you are not eligible for adjustment of status...unless you submit a completed Form I-566."

- Under Step 1, the appropriate reason would be ***Adjustment from A, G, or NATO nonimmigrant to immigrant status.*** Complete Parts 1, 3 (check box "2d"), 4, and 5. Also complete Part 2 if you are not applying to be the principal alien.

- Along with your response, please also attach the following supporting documents (if not previously submitted with your I-485 application):

  - Form I-94,
  - Form I-508,
  - Form I-508F, if you are a French National.

A final decision will not be made on your application for 30 days. During that time, you may submit the additional item(s) requested above. In the alternative, you may submit evidence showing you are not ineligible to adjust status on the basis of any of the grounds cited above.

00293

Page 3
A 97709901
EAC0416350660

Send your response and a copy of this letter to:

> United States Citizenship and Immigration Services
> Vermont Service Center
> 75 Lower Welden Street
> St. Albans, VT  05479

Sincerely,

Paul E. Novak, Jr.
Center Director

Enclosure(s)

U.S. Department of Homeland
Security
75 Lower Welden Street



**U.S. Citizenship
and Immigration
Services**

JUN 2 9 2005

FREDERICK E S MAWALLA
C/O DENNIS A BAIRD ESQ
1323 FENWICK LANE 100
SILVER SPRING MD  20910


A Number: A97709901
File Receipt Number: EAC0416350660


Dear Sir/Madam:

On April 29, 2005, you filed an Application to Register Permanent Residence or Adjust Status (Form I-485) under section 245 of the Immigration and Nationality Act.

Title 8, Code of Federal Regulations, in part 245.2(a)(2)(i) states:

*Under section 245.* (A) An immigrant visa must be immediately available in order for an alien to properly file an adjustment application under section 245 of the Act. (B) If, at the time of filing, approval of a visa petition filed for classification under section 201(b)(2)(A)(i), section 203(a) or section 203(b)(1), (2) or (3) of the Act would make a visa immediately available to the alien beneficiary, the alien beneficiary's adjustment application will be considered properly filed whether submitted concurrently with or subsequent to the visa petition, provided that it meets the filing requirements contained in parts 103 and 245. For any other classification, the alien beneficiary may file the adjustment application only after the Service has approved the visa petition.

On May 15, 2002, Intelsat Global Service Corporation filed an Immigrant Petition for Alien Worker (Form I-140) on your behalf and that petition was approved on October 31, 2002. In a letter dated August 20, 2004 and received September 17, 2004, Intelsat advised this Service that you were no longer employed by them and requested withdrawal of the petition. Accordingly, the I-140 was revoked March 1, 2005. Your Application to Register Permanent Residence or Adjust Status (Form I-485) was filed on April 29, 2004, and therefore had been pending for a period of less than 180 days at the time the withdrawal of the I-140 was requested by Intelsat and you therefore, are ineligible to adjust status under the provisions of AC21.

S
00295

Page 2
A97709901
EAC0416350660

The record does not contain evidence that you are the beneficiary of an approved immigrant petition, or that there is a concurrently filed immigrant petition awaiting review in your behalf.   For that reason, you have not established that there is an immigrant visa immediately available to you.

Therefore, your application is denied.

The regulations do not provide for an appeal from this decision.

Sincerely,

*Paul E. Novak J.*

Paul E. Novak, Jr.
Center Director

CC:    FREDERICK E S MAWALLA
       509 CASTLEFORD STREET
       ROCKVILLE MD  20851

LAW OFFICES

# DENNIS A. BAIRD, ESQ., P.C.

1323 FENWICK LANE, SUITE 100
SILVER SPRING, MD 20910

---

TEL: (301) 650-2030
FAX: (301) 650-2033

EMAIL: dbairdlaw@verizon.net
Admitted in MD, PA, & DC

April 6, 2005

Paul E. Novak, Jr.
U.S. Citizenship & Immigration Services
75 Lower Welden Street
St. Albans, VT 05479

**RE:  FREDERICK E S MAWALLA**
**ALIEN NO.: A97 709 901**
**EAC NO.:  EAC0416350660**

Dear Mr. Novak, Jr.:

Pursuant to your letter dated March 11, 2005, please construe this as a response to the revocation of the Form I-140 Petition. Allegedly based upon the current record the beneficiary/applicant does not appear to be eligible to adjust his status.

However, we would like to invoke section 106 (c) of the American Competitiveness in the Twenty First Century Act (AC21) which provides that a person may still adjust status, despite the grounds of any ineligibility listed above, if the application has been pending for 180 days or more and he can establish that he has a bona fide offer of employment from a new employer in the same or similar occupation.

Based on the foregoing, we are requesting validity of the revoked immigrant visa petition (Form I-140) to be preserved for adjustment of status based upon a new offer of employment pursuant to Section 106 (c) of the AC21 Act.

Accordingly, we attach hereto and incorporate by reference herein the following documentation.

1.  A written request for consideration under section 106 (c) of the AC21.
2.  An original letter on company letterhead outlining employment or offer of employment by prospective employer.
3.  Letter accepting Employment;

00297



4.    Original, completed Form I-508 – Waiver of Rights, Privileges, Exemptions and Immunities;

5.    Original, completed Form I-566 – Interagency Record of Individual Requesting Change/Adjustment to or from A or G Status;

6.    Form G-28 – Notice of appearance as Attorney

Please note that his wife who is a G-4 is a derivative beneficiary's and has been assigned Alien number A72 422 313. The three children are also derivative beneficiaries and they have been assigned EAC Numbers, Koichi K. Mawalla EAC-04-163-50721, Sombiro K. Mawalla Jr., EAC-04-163-50736 and Wene F. Mawalla EAC-04-163-50699.

Thank you for your cooperation in this regard.

Sincerely,

Dennis A. Baird, Esq.
DAB/mo

April 6, 2005

District Director
U.S. Citizenship & Immigration Services
75 Lower Welden Street
St. Albans, VT 05479

RE:   **REQUEST LETTER FOR CONSIDERATION**
     **A97 709 907**
     **EAC01-163-50660**

Dear District Director:

This is to confirm that I would like to be considered under section 106 (C) of the AC21 Act.

Thank you for your consideration in this regard.

Sincerely,

Frederick Mawalla

00299

## WAIVER OF RIGHTS, PRIVILEGES, EXEMPTIONS AND IMMUNITIES
### (Under Section 247(b) of the Immigration & Nationality Act)

The authority for collection of the information requested on this form is contained in 8 U. S. C. 1257(b). Submission of the information by an alien to request that he be permitted to retain status as an immigrant lawfully admitted for permanent residence is voluntary. The solicited information will be used principally by the Service to determine whether the status of the alien applicant shall be adjusted under the provisions of section 247(a) of the Immigration and Nationality Act. 8 U. S. C. 1257(a), to that of a nonimmigrant as described by section 101(a)(15)(A), (E), or (G) of the Immigration and Nationality Act, 8 U. S. C. 1101(a)(15)(A), (E), or (G). The information solicited may also, as a matter of routine use, be disclosed to other federal, state, local, or foreign law enforcement and regulatory agencies, the Department of Defense including any component thereof (if the applicant has served in the Armed Forces of the United States), the Department of State, Central Intelligence Agency, Interpol and individuals and organizations during the course of investigation to elicit further information required by this Service to carry out its functions. Failure to provide any or all of the solicited information may result in the alien's adjustment of status from that of a lawful permanent resident to that of a nonimmigrant classification under paragraphs 15(A), 15(E) or 15(G) of section 101(a) of the Immigration and Nationality Act.

FORM I-508 (Rev. 10-1-80) Y                    (Tear off this sheet before executing form)

---

### (Under Section 247(b) of the Immigration & Nationality Act)

File No. A97 709 901

I, (name) Frederick E.S. Mawalla believing that I
Type or print
have an occupational status entitling me to a nonimmigrant classification under paragraph 15(A) (Government official) 15(E) (Treaty Trader) or 15(G) (International Organization Representative), of Section 101(a) of the Immigration and Nationality Act and desiring to acquire and/or retain the status of an alien lawfully admitted for permanent residence, do hereby waive all rights, privileges, exemptions and immunities which would otherwise accrue to me under any law or executive order by reason of such occupational status. French Nationals receiving salary from French Republic are required to execute additional waiver on Form I-508F)

I WAS BORN ON: (Month, Day, Year)        AT: (City and Country)
4-25-1955        Moshi Tanzania

I AM EMPLOYED BY: (Name and Address of Mission or Organization)
Job Offer Medical Marketing Inc. 1601 Lincoln Av. WA

SIGNATURE        DATE
Mawalla        04/01/05

FOR GOVERNMENT USE ONLY (FRENCH NATIONALS PAID BY FRENCH REPUBLIC)
☐ FORM I-508F EXECUTED.    ☐ EXEMPT    ☐ NOT EXEMPT FROM U.S. TAXES

Form I-508 A (Rev. 10-1-80) Y        FILE COPY

Dept. of Justice Immigration and Naturalization Service

★ U.S. GOVERNMENT PRINTING OFFICE