OMB No. 1615-0027; Expires 1/31/07

**I-566, Interagency Record of Request -**
A, G or NATO Dependent Employment Authorization
or Change/Adjustment to/from A, G or NATO Status

U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services

**START HERE - Please Type or Print in Black Ink.**

**Part 1.    Information about you.** *(The person seeking employment authorization or change/adjustment of status.)*

| 1. Family Name | Given Name | Middle Name |
|---|---|---|
| MAWALLA | FREDERICK | ELIAMPENZI SOMBIRO |

| 2. Home Address - Street Number and Name | | Apt.# |
|---|---|---|
| 509 CASTLEFORD STREET | | |

| City | State | Zip Code |
|---|---|---|
| ROCKVILLE | MD | 20851 |

| 3. Mailing Address - Street Number and Name | Apt. # | C/O *(in care of):* |
|---|---|---|
| 509 CASTLEFORD STREET | | |

| City | State | Zip Code | Daytime Phone # *(with area code)* |
|---|---|---|---|
| ROCKVILLE | MD | 20851 | 240-388-7107 |

| 4. Date of Birth *(mm/dd/yyyy)* | 5. Country of Birth | 6. Country of Citizenship |
|---|---|---|
| 04/25/1955 | TANZANIA | TANZANIA |

| 7. Gender | 8. Marital Status | 9. A # *(if any)* |
|---|---|---|
| ☑ Male ☐ Female | ☑ Married ☐ Not Married | 97 709 901 |

| 10. Social Security # *(if any)* | 11. I-94 # *(Arrival/Departure Document)* | 12. DOS Personal Identification # *(PID)* |
|---|---|---|
| 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 | 41059799007 | EAC0416350660 |

| 13. Date of Last Entry into the U.S. *(mm/dd/yyyy)* | 14. Current Immigration Status | 15. Relationship to Principal *(if applicable)* |
|---|---|---|
| 08/04/2002 | G-4 | SELF |

**Part 2.    Information about principal alien.**

| 1. Family Name | Given Name | Middle Name |
|---|---|---|
| | | |

| 2. Home Address - Street Number and Name | Apt.# | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| 3. Date Tour of Duty Expected to End *(mm/dd/yyyy)* | 4. Country of Citizenship | 5. Marital Status |
|---|---|---|
| | | ☐ Married ☐ Not Married |

| 6. Job Title | 7. I-94 # *(Arrival/Departure Document)* | 8. DOS Personal Identification # *(PID)* |
|---|---|---|
| | | |

**Part 3.    Type of request.** *(See instructions for complete information on the different types of requests.)*

1. ☑ I am requesting employment authorization as a:
   a. ☑ spouse.    b. ☐ son or daughter, age: [____], who: ☐ is a full-time, post-secondary student.    ☐ is disabled.

2. ☑ I am requesting change/adjustment of status. *(Select one.)*
   a. ☐ Change of nonimmigrant status to A, G or NATO nonimmigrant - specifically to: [____]
   b. ☐ Section 247(a), immigrant to A or G nonimmigrant.
   c. ☐ Change to other nonimmigrant status from A, G or NATO - specifically to: [____]
   d. ☑ Adjustment from A, G or NATO nonimmigrant to immigrant.
   e. ☐ A-1, A-2, G-1 or G-2 nonimmigrant applying under Section 13 of the Act of September 11, 1957.

**Part 4.    Certification -** Submit 2 copies with original signatures - "For Official Use Only" page must also be attached.

I certify under penalty of perjury that the foregoing is true and correct. I understand false information is a basis for denial or termination of the benefit requested and for other penalties provided by law and regulation. If I am requesting employment authorization, I further certify that I do not have a criminal record. I have not violated United States immigration and/or visa laws, I have not worked illegally in the United States, and I have paid Social Security and all applicable taxes on all employment in the United States.

| Signature | Date *(mm/dd/yyyy)* |
|---|---|
| F. Mawalla | 04/01/2005 |

Copy 1: CIS    Copy 2: DOS/NATO/HQ SACT/USUN/VISA OFFICE

Form I-566 (Rev. 02/23/04) N

00301

**Part 5.    Your personal information.**

| Your Name *(family, given, middle)* | Date of Birth *(mm/dd/yyyy)* | DOS Personal Identification # *(PID)* |
|---|---|---|
| MAWALLA, FREDERICK E.S. | 04/25/1955 | EAC-04-163-50660 |

**For Official Use Only**

**Part 6.    Certification by Diplomatic Mission, International Organization, NATO/HQ SACT or NATO Member State.** *(Certifying official must have this information and page to complete process.)*

☐ I certify that the information provided on the first page of this Form I-566 is true and correct to the best of my knowledge and according to our official records.

☐ As an applicant for employment authorization, I further certify that his or her eligibility has been verified under the provisions of:

☐ A bilateral agreement with:

☐ A *de facto* agreement with:

Check each of the following that apply:

☐ Without a numerical limit.    ☐ With a numerical limit and this applicant is within the limit; and

☐ Schedule B eligibility    ☐ Based on principal alien's G-4 status

☐ As an applicant for status as a principal alien, I further certify that he or she is being offered the position of:    and was notified to the DOS on *(date)*:

| Signature of Certifying Officer or Official | Printed Name | Official Seal |
|---|---|---|

**Name and Address of Diplomatic Mission, International Organization, NATO/HQ SACT or NATO Member State**

| Duty/Title | Phone Number *(include area code)* | Date *(mm/dd/yyyy)* |
|---|---|---|

**Part 7. DOS, NATO/HQ SACT and/or USUN use only.**

1.  The Department of State, NATO/HQ SACT and/or USUN:
☐ Recommends the request be granted.    ☐ Recommends the request be denied.
If the recommendation is for denial, provide a reason(s) for such recommendation:

2.  Date *(mm/dd/yyyy)*    Phone Number *(include area code)*    3.  Office:
☐ Protocol ☐ USUN ☐ NATO/HQ SACT ☐ Visa

4.  Signature 1    Signature 2

**Part 8. CIS use only.**

1.  From:

| Adjudicator's Identification # | CIS Office | Office Phone Number *(with area code)* | A # / File # |
|---|---|---|---|

2.  To:
☐ Protocol ☐ USUN ☐ NATO/HQ SACT ☐ Visa Office (Subject filed under Section 13. Please advise CIS of your findings.)

3.  Adjustment or Change of Status:    Date of Decision *(mm/dd/yyyy)*    If change of status granted, give new status:
☐ Granted ☐ Denied

4.  Request for Employment Authorization:    Date of Decision *(mm/dd/yyyy)*:    Valid to *(mm/dd/yyyy)*:    Classification:
☐ Granted ☐ Denied

5.  DOS/NATO/HQ SACT/USUN/Visa Office Notified:    Date of Notification *(mm/dd/yyyy)*:
☐ Yes ☐ No

00302

U.S. Department of Justice
Immigration and Naturalization Service

# Notice of Entry of Appearance
## as Attorney or Representative

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: FREDERICK E.S. MAWALLA | Date: |
| | File No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: FREDERICK E.S. MAWALLA | ☐ Petitioner ☐ Beneficiary | ☑ Applicant |

Address: (Apt. No.)    (Number & Street)    (City)    (State)    (Zip Code)
509 CASTLEFORD STREET    ROCKVILLE    MD    20851

| Name: | ☐ Petitioner ☐ Beneficiary | ☐ Applicant |

Address: (Apt. No.)    (Number & Street)    (City)    (State)    (Zip Code)

Check Applicable Item(s) below:

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

UNITED STATES    SUPREME COURT    and am not under a court or administrative agency
    Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS Law Offices of Dennis A. Baird, Esq. 1323 Fenwick Lane 100 Silver Spring MD 20910 |
| NAME (Type or Print) DENNIS A. BAIRD, ESQ. | TELEPHONE NUMBER 301-650-2030 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:
    DENNIS A. BAIRD, ESQ.

    (Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| Name of Person Consenting FREDERICK E.S. MAWALLA | Signature of Person Consenting | Date 4/6/05 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

WATERPROOFING
DRAIN TILE
SPRAY COATINGS

DAMPPROOFING
SILCONE
ELASTOMERIC

# Bethesda Asphalt & Bituminous Co.



**WATERPROOFING CONTRACTORS**
1090 TAFT STREET
ROCKVILLE, MARYLAND 20850
Phone (301) 424-7213
Fax (301) 424-4127

Mr. Frederick E. Mawalla
509 Castleford Street
Rockville, MD-20851

02rd.0February.05

## EMPLOYMENT OFFER

Dear Mr. Mawalla:

As we discussed in our recent telephone call, I was very impressed with your credentials and background when we met in my office at 1090 Taft Street in Rockville Maryland. We need an engineer to consult with us. I am pleased to offer you a regular appointment with the Bethesda Asphalt & Bituminous Co., and your employment prospect is good and and exspect you to start at 22rd August 2005

Much of your work will be done at the head quarters, on 1090 Taft Street, Rockville MD-20850, and occasionally on new testing site in Virginia and D.C area This appointment is offered on the basis, <u>inter alia</u>, of provision of a letter of acceptance of this position  stating that you will continuously be with us..

### Initial Appointment

- **Title:** Testing Engineer
- **Salary:** $ 49075.00.00 to 67,710.00 per annum.
- **Effective Date:** 22 August 2005.

### Job description

- Develop testing and analytical tools to support the electronics elastomeric, silicone and damp roofing electrical testing equipment and process.
- Evaluate the test results and prepare a report presenting data on the outcome of the tests
- Provide technical input for the further expansion of the product line
- Drafting instruction for use of the product by the consumers
- Monitoring and review product use and  Consult with the management on the performance of the system

The salary shown above does not include any travel and future relocation benefits to which you may be entitled. As a staff member on regular appointment, you are entitled to all the regular staff benefits described in the McCarthy Medical Marketing, Inc. Administration Procedure Manual. Deduction will be made for premium for any group life, accident and health insurance you may elect.

The Bethesda Asphalt & Bituminous Co. Administration Procedure Manual with detailed benefit package, action forms etc, will be provided to you after the confirmation of your employment.

If you accept appointed to the position described above, please sign and return to me the original of this letter and retain the enclosed copy for you records.

Sincerely,

Roger Weeks
President

I hereby accept the appointment described in this letter, subjected to the terms and conditions herein specified.

Signature: _____  Date: 06Th APRIL 2005

Subscribed and sworn to before me. in my presence,
this 6th day of APRIL ℗2005 a Notary Public
in and for the STATE , of MARYLAND.

Celedyn Betancourt
Notary Public

My commission expires MARCH.01 ℗2006

Telephone: 1 301-424-4213 Fax: 301-424-4127
1090 Taft Street.
Rockville
MD-20850

00304

U.S. Department of Homeland Security
20 Massachusetts Avenue, NW
Washington, DC 20529

 **U.S. Citizenship and Immigration Services**

HQPRD 70/6.2.8-P

# Interoffice Memorandum

To:    REGIONAL DIRECTORS
       SERVICE CENTER DIRECTORS

From:  William R. Yates  /S/
       Associate Director for Operations
       United States Citizenship and Immigration Services
       Department of Homeland Security

Date:  May 12, 2005

Re:    Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and
       Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
       Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)

## Purpose

The purpose of this memorandum is to provide field offices with interim guidance on:

(1)    Processing Form I-140 petitions and Form I-485 applications in connection
       with the I-140 portability provision of §106(c) of AC21;
(2)    Adjudication of H-1B petitions in connection with the 7th year extension
       provisions of § 106(a) of AC21;
(3)    Adjudication of H-1B petitions in connection with the 7th year extension
       provisions of 104(c) for aliens subject to per country visa limitations; and
(4)    Adjudication of H-1B petitions in connection with the H-1B portability
       provisions of § 105 of AC21;

This interim guidance will only be in effect until regulations that are currently in progress
are published as a final rule.  The proposed rule may take a more restrictive position than
this memorandum.  Please note that the *Adjudicator's Field Manual (AFM)* will not be
updated at this time.

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    Page 2

## Prior AC21 Guidance

On January 29, 2001, the Office of Field Operations issued a memorandum entitled *"Interim Guidance for Processing H-1B Applications for Admission as Affected by the American Competitiveness in the Twenty-First Century Act of 2002, Public Law 106-313."* On June 19, 2001, the Office of Programs issued a follow-up memorandum entitled *"Initial Guidance for Processing H-1B Petitions as Affected by the American Competitiveness in the Twenty-First Century Act (Public Law 106-313) and Related Legislation (Public Law 106-311) and (Public Law 106-396)."* On February 28, 2003, the Immigration Service Division issued a memorandum entitled *"Procedures for concurrently filed family-based or employment-based Form I-485 when the underlying visa petition is denied."* On April 24, 2003, the Office of Operations issued a memorandum entitled *"Guidance for Processing H-1B Petitions as Affected by the Twenty-First Century Department of Justice Appropriations Authorization Act (Public Law 107-273)."* On August 4, 2003, the Office of Operations issued a memorandum entitled *"Continuing Validity of Form I-140 Petition in Accordance with Section 106(c) of the American Competitiveness in the Twenty-First Century Act of 2000 (AC21)."*

All of these memoranda remain in effect and this memorandum supplements the existing guidance.

## New AC21 Guidance

New issues and questions in connection with I-140 portability cases and H-1B cases have arisen since the previous guidance memoranda were issued. Implementation of the provisions of AC21 have been further complicated by the interim rule published on July 31, 2002, allowing, in certain circumstances, the concurrent filing of Form I-140 and Form I-485. Previous Service regulations required an alien worker to first obtain approval of the underlying Form I-140 before applying for permanent resident status on the Form I-485.

This guidance is intended to address those questions and issues. This memorandum is divided into four separate sections, establishing guidelines and interim procedures for use by USCIS personnel:

- Section I
  Processing of Form I-140 petitions and Form I-485 applications when there is a question of eligibility for I-140 portability benefits under §106(c) of AC21.

- Section II
  Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §106(a) of AC21.

Memorandum for Service Center Directors, et al.

Subject:  Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                                Page 3

- Section III
  Processing of H-1B petitions where there is a question of eligibility for an H-1B extension past the 6-year limit under §104(c) of AC21 (aliens subject to per country limitations).

- Section IV
  Processing of H-1B petitions where there is a question of the affect of H-1B portability under §105 of AC21.

* * * * *

**I.     Q & A ON PROCESSING OF I-140 PETITIONS AND I-485 APPLICATIONS UNDER THE I-140 PORTABILITY PROVISIONS OF §106(C) OF AC21**

**Question 1.**   **How should service centers or district offices process <u>unapproved</u> I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days in relation to the I-140 portability provisions under §106(c) of AC21?**

**Answer:**     If it is discovered that a beneficiary has ported off of an unapproved I-140 and I-485 that has been pending for 180 days or more, the following procedures should be applied:

A. Review the pending I-140 petition to determine if the preponderance of the evidence establishes that the case is approvable or would have been approvable had it been adjudicated within 180 days.  If the petition is approvable but for an ability to pay issue or any other issue relating to a time after the filing of the petition, approve the petition on its merits.  Then adjudicate the adjustment of status application to determine if the new position is the same or similar occupational classification for I-140 portability purposes.

B. If additional evidence is necessary to resolve a material post-filing issue such as ability to pay, an RFE can be sent to try to resolve the issue.  When a response is received, and if the petition is approvable, follow the procedures in part A above.

**Question 2.**   **How should service centers or district offices process unapproved I-140 petitions that were concurrently filed with I-485 applications that have been pending 180 days and a Request for Evidence (RFE) has been issued?**

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 4**

**Answer:**    If a response to an RFE is received, and the response does not adequately address the issues, or the response is simply that the beneficiary no longer works for the petitioner, or a response is not received at all, and the petition still cannot be approved:

    A.  Deny the petition on the merits of the case; and

    B.  Deny the I-485 and the portability request since there was never an approved petition from which to port.

**Question 3.**    **What is "same or similar" occupational classification for purposes of I-140 portability?**

**Answer:**    When making a determination if the new employment is the "same or similar" occupational classification in comparison to the employment in the initial I-140, adjudicators should consider the following factors:

    A.  Description of the job duties contained in the ETA 750A or the initial I-140 and the job duties of the new employment to determine if they are the "same or similar" occupational classification.

    B.  The DOT code and/or SOC code assigned to the initial I-140 employment for petitions that have a certified ETA 750A or consider what DOT and/or SOC code is appropriate for the position for an initial I-140 that did not require a certified ETA 750A. Then consider the DOT code and/or SOC code, whichever is appropriate for the new position to make a determination of "same or similar" occupational classification.

    C.  A substantial discrepancy between the previous and the new wage. (See **Question 5** of this section for further clarification).

**Question 4.**    **Should service centers or district offices use a difference in geographic location of the employment in the approved labor certification and initial I-140, and the new employment as basis for denial in I-140 portability cases?**

**Answer:**    No.  The relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment when considering the alien's new position and job duties and not the geographic location of the new employment.

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 5**

**Question 5.**    **Should service centers or district officers use a difference in the wage offered on the approved labor certification and initial I-140, and the new employment as basis for denial in adjustment portability cases?**

**Answer:**    No. As noted above the relevant inquiry is if the new position is the same or similar occupational classification to the alien's I-140 employment. A difference in the wage offered on the approved labor certification, initial I-140 and the new employment cannot be used as a basis of a denial. However, a substantial discrepancy between the previous and the new wage may be taken into consideration as a factor in determining if the new employment is "same or similar."

**Question 6.**    **Can multinational managers or executives classifiable under 8 USC 203(b)(1)(C) avail themselves of AC21 § 106(c) (8 USC § 204(j)) portability benefits even where the alien changes to a new job as a manager for an unrelated company? Can "same or similar" for multinational employees mean employment with an unrelated company?**

**Answer:**    Yes, multinational managers or executives can avail themselves of portability benefits where the alien changes to a new job as a manager or executive even for an unrelated company. However, there may be factual circumstances where such aliens cannot benefit from porting (i.e. where the job duties are vastly different, so that that the new position is not in the same or similar occupational classification as the I-140 employment).

**Question 7.**    **Should service centers or district offices request proof of "ability to pay" from successor employers in I-140 portability cases, in other words, from the new company/employer to which someone has ported?**

**Answer:**    No. The relevant inquiry is whether the new position is in the same or similar occupational classification as the alien's I-140 employment. It may be appropriate to confirm the legitimacy of a new employer and the job offer through an RFE to the adjustment applicant for relevant information about these issues. In an adjustment setting, public charge is also a relevant inquiry.

**Question 8.**    **Can an alien port to self-employment under INA § 204(j)?**

**Answer:**    Yes, as long as the requirements are met. First, the key is whether the employment is in a "same or similar" occupational classification as the job for which the original I-140 petition was filed. Second, it may be appropriate to

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 6**

confirm that the new employer and the job offer are legitimate through an RFE to the adjustment applicant for relevant information about these issues. Third, as with any portability case, USCIS will focus on whether the I-140 petition represented the truly intended employment at the time of the filing of both the I-140 and the I-485. This means that, as of the time of the filing of the I-140 and at the time of filing the I-485 if not filed concurrently, the I-140 petitioner must have had the intent to employ the beneficiary, and the alien must have intended to undertake the employment, upon adjustment. Adjudicators should not presume absence of such intent and may take the I-140 and supporting documents themselves as prima facie evidence of such intent, but in appropriate cases additional evidence or investigation may be appropriate.

**Question 9.**    **Must a successor employer in an I-140 portability case provide a new labor certification?**

**Answer:**    No. There is no requirement that successor employers in adjustment portability cases obtain a new labor certification for those occupations traditionally requiring one. AC21 also provides that any underlying labor certification also remains valid if the conditions of §106(c) are satisfied. The beneficiary of an approved labor certification may benefit from it although the alien seeks to adjust on the basis of different employment.

**Question 10.**    **Should service centers or district offices deny portability cases on the sole basis that the alien has left his or her employment with the I-140 petitioner prior to the I-485 application pending for 180 days?**

**Answer:**    No. The basis for adjustment is not actual (current) employment but prospective employment. Since there is no requirement that the alien have ever been employed by the petitioner while the I-140 and/or I-485 was pending, the fact that an alien left the I-140 petitioner before the I-485 has been pending 180 days will not necessarily render the alien ineligible to port. However, in all cases an offer of employment must have been bona fide. This means that, as of the time the I-140 was filed and at the time of filing the I-485 if not filed concurrently, the I-140 petitioner must have had the intent to employ the beneficiary, and the alien must have intended to undertake the employment, upon adjustment. Adjudicators should not presume absence of such intent and may take the I-140 and supporting documents themselves as prima facie evidence of such intent, but in appropriate cases additional evidence or investigation may be appropriate.

**Question 11.**    **When is an I-140 no longer valid for porting purposes?**

**Answer:**    An I-140 is no longer valid for porting purposes when:

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

<u>Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)</u>                                    **Page 7**

       A.  an I-140 is withdrawn before the alien's I-485 has been pending 180 days, or

       B.  an I-140 is denied or revoked at any time except when it is revoked based on a withdrawal that was submitted after an I-485 has been pending for 180 days.

**Question 12.**  **Can the 180 days that an I-485 application must be pending for I-140 portability eligibility accrue during a period when visa numbers are unavailable?**

**Answer:**      Yes. The fact that a visa number becomes unavailable after the filing of the I-485 application does not stop the number of days required for I-140 portability eligibility from accruing.

**Question 13.**  **Does the alien's priority date change as a result of porting under §106(c) of AC21?**

**Answer:**      No. The priority date continues to be determined at the time of the initial labor certification filing with the Department of Labor or at the time the initial I-140 immigrant petition is filed with USCIS (in cases where no labor certification is required).

**Question 14.**  **Must the alien have a new offer of employment at the time the I-485 is being adjudicated under the I-140 portability provisions?**

**Answer:**      Yes. The alien cannot still be looking for "same or similar" employment at the time the I-485 is being adjudicated under the adjustment portability provisions. The alien must be able to show there is a new valid offer of employment at the time the I-485 is adjudicated.

**II.**     **Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE EXTENSION PROVISION OF §106(A) ALLOWING EXTENSION PAST THE H-1B 6 YEAR LIMIT**

**Question 1.**  **When an alien would otherwise be eligible for an H-1B extension, is it necessary to first file a Form I-129 requesting an extension of time to allow the beneficiary to complete or nearly complete the initial 6 years, and then file an additional Form I-129 requesting an extension of time beyond the 6 years?**

**Answer:**      No. Section 106(a) of AC21 allows an alien to obtain an extension of H-1B status beyond the 6-year maximum period, when:

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 8**

    A. 365 days or more have passed since the filing of any application for labor certification, Form ETA 750, that is required or used by the alien to obtain status as an EB immigrant, or

    B. 365 days or more have passed since the filing of an EB immigrant petition.

Once these requirements have been met, the alien may be granted an extension beyond the 6-year maximum on or prior to the date the alien reaches the 6-year maximum. Such extensions may only be granted in one-year increments, but may be requested on a single (combined) extension request for any remaining time left in the initial 6-year period. Requiring the filing of two extension petitions merely increases petitioner and CIS workloads, and has no basis in statute. In no case, however, may the total period of time granted on an extension exceed a cumulative total of 3 years. 8 CFR 214.2(h)(15)(ii)(B)(1).

**Question 2.**    **How early can a request for an H-1B extension beyond the 6th year be filed?**

**Answer:**    The April 24, 2003 guidance memorandum is modified in the following manner: a petitioner must establish that the above criteria (see Question 1 outlining requirements under Section 106(a)) were or will be met either on or before the requested start date on the H-1B extension application. Thus, an alien is eligible for an extension of H-1B status beyond the 6th year as long as either the qualifying labor certification application or I-140 petition has or will have been pending for at least 365 days prior to the alien's requested start date, regardless of whether the H-1B extension application was filed prior to the passage of such period If the alien would no longer be in H-1B status at the time that 365 days from the filing of the labor certification application or immigrant petition has run, thus leaving a gap in valid status, then the extension of stay request cannot be granted.

**Question 3.**    **Are there cases where an alien, who has been granted an H-1B extension beyond the 6th year, will nonetheless only be allowed to remain for the 6-year maximum period of stay?**

**Answer:**    Yes. As addressed in the April 24, 2003 guidance memorandum, USCIS is required to grant the extension of stay request made under section 106(a) of AC21, in one-year increments, until such time as a final decision has been made to:

    A. Deny the application for labor certification, or, if the labor certification is approved, to deny the EB immigrant petition that was filed pursuant to the approved labor certification;

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 9**

      B.  Deny the EB immigrant petition, or

      C.  Grant or deny the alien's application for an immigrant visa or for adjustment of status.

If at any time before or after the filing of the single (combined) extension request a final decision is made on the above-stated grounds, the beneficiary of the extension request will not be entitled to an extension beyond the time remaining on his or her 6-year maximum stay unless another basis for exceeding the maximum applies.

**Question 4.** **In a labor substitution context, can both the original alien and the substituted alien apply for an H-1B extension beyond the 6-year limit based on § 106(a) of AC21?**

**Answer:** No. Only the "current" beneficiary (meaning the alien that was most recently substituted into the labor certification) is eligible to get an H-1B extension beyond the 6-year limit.

**Question 5.** **Does a timely and non-frivolous I-140 appeal pending at the AAO allow an alien to request an H-1B extension beyond the 6-year limit?**

**Answer:** Subject to regulatory modification, as long as a decision may be reversed on direct appeal or certification to the Administrative Appeals Office (AAO), USCIS will not consider that decision final for this purpose.

**Question 6.** **Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification was filed over 365 days ago, has been approved, but the I-140/I-485 has not yet been filed?**

**Answer:** No. Until further guidance is published, a request for an H-1B extension beyond the 6-year limit should not be denied on the sole basis that an I-140 petition has not yet been filed.

**Question 7.** **Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification or immigrant petition from an employer who is not the H-1B petitioner was filed for the beneficiary more than 365 days ago?**

**Answer:** No. The statute does not require that the labor certification or immigrant petition must be from the same employer requesting the H-1B extension.

00313

Memorandum for Service Center Directors, et al.
Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the
Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                                    **Page 10**

**Question 8.**   **Should service centers or district offices deny a request for an H-1B extension beyond the 6-year limit where the labor certification or the immigrant petition was filed over 365 days ago, but the H-1B nonimmigrant intends to consular process rather than adjust status?**

**Answer:**   No.

**Question 9.**   **Are H-4 dependents eligible for an H extension beyond the 6-year limit?**

**Answer:**   Yes. H-4 dependents are eligible for an extension of their H-4 status beyond the 6-year limit provided they meet the H-4 requirements and based on the principal (H-1B) alien's eligibility for an H-1B extension beyond the 6-year limit. This includes cases where the dependent may have held another status prior to becoming an H-4 dependent. However, in order to qualify for an H-1B extension beyond the 6 year limit year of their own H-1B status, the alien must meet all the requirements independently of their H-1B spouse's eligibility for a 7th year extension.

**Question 10.**   **What are the guidelines for processing 7th Year Extensions with the implementation of the new DOL PERM Program?**

**Answer:**   Guidance on this subject will be provided via separate memorandum.

**III.**       **Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE "ONE-TIME PROTECTION UNDER PER COUNTRY CEILING" PROVISION OF §104(C) ALLOWING EXTENSION PAST THE H-1B 6-YEAR LIMIT**

**Question 1.**   **Must an alien be the beneficiary of an *approved* I-140 petition in order to qualify for extension of H-1B status beyond the 6-year limit based on §104(c) of AC21?**

**Answer:**   Yes. Consistent with prior USCIS guidance on this subject, an approved I-140 petition is required in order for an alien to qualify for an extension of H-1B status beyond the 6-year limit under § 104(c).

**Question 2.**   **If an alien qualifies for an extension past the H-1B 6-year limit under §104(c), may an extension be granted for a period of up to three years?**

Memorandum for Service Center Directors, et al.

Subject: Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

<u>Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)</u>                    **Page 11**

**Answer:**      Yes, provided all other H-1B statutory and regulatory requirements are met (e.g., the petition must request three years, and include a Labor Condition Application covering such period).

**Question 3.**   **If an alien qualifies for an extension past the H-1B 6-year limit under §104(c), may more than one extension be granted?**

**Answer:**      Yes. USCIS recognizes that in some cases, because of per country visa limitations, it may take more than three years for the alien to be eligible to adjust. Thus, despite the reference to a "one-time protection" a qualifying alien may be granted more than one extension under this provision.

**IV.    Q & A ON PROCESSING OF H-1B PETITIONS UNDER THE H-1B PORTABILITY PROVISIONS**

**Question 1.**   **Can an H-1B temporary worker "port" under §105 of AC21 (INA § 214(n)) from one employer to another even after the alien's I-94 or last approved petition has expired as long as he or she is still in a "period of stay authorized by the Attorney General"?**

**Answer:**      Yes. Under certain circumstances, an H-1B alien may still be able to port to another H-1B employer even after the alien's I-94 or last approved petition has expired. In order to port, however, such alien must meet all the requirements of INA § 214(n), including the requirement that the new petition be filed while the alien is in a "period of stay authorized by the Attorney General." USCIS has previously determined and issued guidance explaining what constitutes a "period of stay authorized by the Attorney General." One example would be:

Alien is in H-1B status. Employer A timely files a non-frivolous extension of the alien's H-1B status. Alien's original petition, approved for Employer A, expires during the pendency of the extension. Alien is then in a "period of stay as authorized by the Attorney General" while Employer A's extension is pending. Employer B then files new petition and alien wants to port to Employer B. Under INA § 214(n), the alien should be permitted to port because he or she is in a "period of stay as authorized by the Attorney General."

In other words, porting under INA §214 does not require that the alien currently be in H-1B status as long as he or she is in a "period of stay authorized by the Attorney General."

**Question 2.**   **Can there be successive H-1B portability petitions filed for an alien while the previous H-1B petitions remain pending (i.e. creating a "bridge" of H-1B petitions)?**

Memorandum for Service Center Directors, et al.

Subject:  Interim Guidance for Processing Form I-140 Employment-Based Immigrant Petitions and Form I-485 and H-1B Petitions Affected by the American Competitiveness in the

Twenty-First Century Act of 2000 (AC21) (Public Law 106-313)                    **Page 12**

**Answer:**        Yes.  However, to be approved every H-1B portability petition must separately meet the requirements for H-1B classification and for an extension of stay.

**Question 3.**    **If successive H-1B portability petitions can be filed, what happens if an alien's nonimmigrant status expires while the H-1B portability petitions are pending and a petition in the "bridge" is denied?**

**Answer:**        As stated above, to be approved every H-1B portability petition must separately meet the requirements for H-1B classification and for an extension of stay.  In the event the alien's nonimmigrant status has expired while the petitions are pending, the denial of any filing in the string of extension of stay and/or change of status filings undercuts the "bridge" that "carried" any petition filed after the expiration of any approved status which will result in the denial of the successive requests to extend or change status.

* * * * *

Questions regarding this memorandum may be directed through appropriate channels to Service Center Operations.

DRAIN TILE
SPRAY COATINGS

# Bethesda Asphalt & Bituminous Co.

DAMPPROOFING
SILCONE
ELASTOMERIC

WATERPROOFING CONTRACTORS
1090 TAFT STREET
ROCKVILLE, MARYLAND 20850
Phone (301) 424-7213
Fax (301) 424-4127

Mr. Frederick E. Mawalla
509 Castleford Street
Rockville, MD-20851

02rd.0February.05

### EMPLOYMENT OFFER

Dear Mr. Mawalla:

As we discussed in our recent telephone call, I was very impressed with your credentials and background when we met in my office at 1090 Taft Street in Rockville Maryland. We need an engineer to consult with us. I am pleased to offer you a regular appointment with the Bethesda Asphalt & Bituminous Co., and your employment prospect is good and and exspect you to start at 22nd August 2005

Much of your work will be done at the head quarters, on 1090 Taft Street, Rockville MD-20850, and occasionally on new testing site in Virginia and D.C area This appointment is offered on the basis, inter alia, of provision of a letter of acceptance of this position  stating that you will continuously be with us..

Initial Appointment

- Title:                        Testing Engineer
- Salary:                     $ 49075.00.00 to 67,710.00 per annum.
- Effective Date:          22 August 2005.

Job description

- Develop testing and analytical tools to support the electronics elastomeric, silicone and damp roofing electrical testing equipment and process.
- Evaluate the test results and prepare a report presenting data on the outcome of the tests
- Provide technical input for the further expansion of the product line
- Drafting instruction for use of the product by the consumers
- Monitoring and review product use and  Consult with the management on the performance of the system

The salary shown above does not include any travel and future relocation benefits to which you may be entitled. As a staff member on regular appointment, you are entitled to all the regular staff benefits described in the McCarthy Medical Marketing, Inc. Administration Procedure Manual. Deduction will be made for premium for any group life, accident and health insurance you may elect.

The Bethesda Asphalt & Bituminous Co. Administration Procedure Manual with detailed benefit package, action forms etc, will be provided to you after the confirmation of your employment.

If you accept appointed to the position described above, please sign and return to me the original of this letter and retain the enclosed copy for you records.

Sincerely,

Roger Weeks
President

I hereby accept the appointment described in this letter, subjected to the terms and conditions herein specified.

Signature: _____    Date: 06Th APRIL 2005

Subscribed and sworn to Before me, in my presence,
this 6th day of APRIL 2005 a Notary Public
in and for the STATE of MARYLAND.

_____
Notary Public
My commission expires MARCH 01 2006

00317

Telephone: 1 301-424-4213 Fax: 301-424-4127
1090 Taft Street.
Rockville
MD-20850

00318



**PAUL SHEARMAN ALLEN & ASSOCIATES**
ATTORNEYS AT LAW
1329 18TH STREET, N.W.
WASHINGTON, DC 20036

CITIBANK, F.S.B.
WASHINGTON, DC 20036-0967
15-7011/2540

6624

|  | CHECK NO. | DATE | AMOUNT |
|---|---|---|---|
|  | 6624 | Sep 26, 2005 | ******$110.00 |

Memo:

PAY One Hundred Ten and 00/100 Dollars

TO THE
ORDER USCIS
OF: US Citizenship & Immigration
Service (new name)

AUTHORIZED SIGNATURE

⑆0066 24⑆ ⑉254070116⑈ ⑆6673 820 2⑆

From: Origin ID: (202)638-2777
Paul Allen
USPAACC
1329 18TH STREET, NW

WASHINGTON, DC 20036



Ship Date: 07FEB06
ActWgt: 1 LB
System#: 2642698/INET2400
Account#: S *********

REF: Mawalla/Lisa



Delivery Address Bar Code

SHIP TO: (800)375-5283          BILL SENDER

**District Counsel**
**US Citizenship & Immigration Servic**
**llon Federal Bldg.**
**31 Hopkins Plaza, First Floor**
**Baltimore, MD 21201**



**STANDARD OVERNIGHT**                    **WED**
                                          Deliver By:
TRK# **7913 6498 2214**    FORM 0201      08FEB06

                                    **BWI**    A1

**21201**    -MD-US



**18 ODMA**

---

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer..

2.  Fold the printed page along the horizontal line.

3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

ning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/cgi-bin/ship_it/unity/6BjVt5BgZr8DcUs1AcYq7FbSy2AbTq8BdSw7CfZz9AdZq...    2/7/2006

00319

**Date:** 2/22/2006 6:32 AM
**Sender:** Paula A Lanham
**To:** Tammy L White
**Priority:** Urgent
Receipt requested
**Subject:** Re: A97 709 901

Good morning Tammy

On 02/13/06 RAFACS showed that A97 709 901 was located with Karey M Pedersen.  FOIA requested the file through RAFACS.

On 02/15/06 RAFACS showed that the A-file was now located at ADJ CLERK - Responsible Party - ADJ CLERICAL PENDING and the FOIA request was still pending in RAFACS.

According to RAFACS this morning the A-file is still located ██████████████████████████ ████████████ and the FOIA request is still pending in RAFACS.

Could you please have someone forward the file to FOIA so I may have the requested materials scanned in and the file returned to you.

Thank you for your cooperation in this matter.

Paula Lanham
FOIA Site POC
ext 4673
Tabor Bldg - St. Albans
Cube CR009

02-28-06
Tammy
Thank you and
file is charged out
to adj   Paula L.

00320

# I-485/I-140
# CONCURRENT FILING

100321

485
765 > 2
140

10-3-05

## Mailroom/Visa Screening

-Concurrent filing          Y or N
-Receipt Notice          RAFAC's Location_____

## CIS Review

☑ Regular CIS Review
☑ Photo ID Review
☑ Prima Facie Review

## Data Entry

☑ CIS System Review
☑ Receipting
Pull I-765 & I-131 for routing

## FMU

☑ Update/Verify
☐ FBI fingerprint response
I-140/I-485 Concurrent Pending Shelf

# I-140 Prima Facie Review Checklist



*Aliens with Extraordinary Ability in Sciences, Arts, Education, Business, or Athletes*
- Potential Statutory Denial
- Does not appear to have the level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE

2. *Outstanding Professors and Researchers*
- Qualified US Employer – university or institution of higher learning, or department, division or institute of a private employer
- Permanent employment – letter from a university or institution of higher learning is offering a tenured or tenured-track teaching position or permanent research position, or a department, division, or institute of a private employer offering a permanent research position.
- Potential Statutory Denial
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE

3. *Multinational Executive and Managers*
- Does counsel's and/or the petitioner's cover letter indicate that the beneficiary will be employed in either a managerial or executive capacity?
- Has the petitioner been "doing business" i.e. providing goods and/or services, for <u>at least one year</u>? (See Part 5 on the petition.)
- Petition filed by US Employer
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE



1. *Aliens with Advanced Degrees*
- Certified Individual Labor Certification
- Petition filed by US employer
- Evidence of Petitioner's Ability to Pay*
- Must have at least Beneficiary's Baccalaureate degree, foreign equivalent or transcripts at time of filing
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE



2.    *Alien with Exceptional Ability in Sciences, Arts or Business*
- Certified Individual Labor Certification
- Petition filed by US employer
- Evidence of Petitioner's Ability to Pay*
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE

3.    *National Interest Waivers*
- Uncertified Labor Certification
- Beneficiary's advanced degree, foreign equivalent or transcripts, if required
- Beneficiary's qualifications in areas of sciences, arts, or business
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE
- Does not appear that such exemption would be in the national interest
- Potential Statutory Denial

## EB3

1.    *Skilled Worker*
- Certified Individual Labor Certification
- Evidence of Beneficiary's work experience
- Evidence of Petitioner's Ability to Pay*
- Petition filed by US Employer
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE

2.    *Professionals*
- Certified Individual Labor Certification
- Beneficiary's degree, foreign equivalent or transcripts
- Evidence of Petitioner's Ability to Pay*
- Evidence of Beneficiary's work experience, if required
- Petition filed by US Employer
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE

3.    *Other Workers*
- Certified Individual Labor Certification
- Evidence of Petitioner's Ability to Pay*
- Evidence of Beneficiary's work experience, if required
- Petition filed by US Employer
- It appears that the petitioner/beneficiary would not be able to overcome the reasons for the RFE

765
140

# I-485 Processing Worksheet

**Note:** If you complete consecutive lines, you can draw a line through the corresponding boxes in the "Emp I.D. #/Date" column and initial the bottom box.

| MAILROOM | Circle One | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| I-485 - Fee is correct, receipted elsewhere or not req? | Ⓨ N N/A | | VT 34259 |
| Fee Waiver Submitted? | Y Ⓝ N/A | If yes, route to SCAO via BCIS Review | 10-12-05 |
| The fingerprint fee is present at time of filing | Ⓨ N N/A | | |
| I-485 - Penalty Fee Submitted ($1000) | Y Ⓝ N/A | If yes, flag for BCIS Review | |
| I-485 - Signature is correct, complete, or signed by the applicant | Ⓨ N N/A | | |
| Is the G-28 Acceptable? | Ⓨ N N/A | | |
| The I-797 is present, an I-130, I-140 or I-360 is concurrently filed, **OR** it meets the basis of eligibility for one of the special programs. (See Basis for Eligibility section below) | Ⓨ N N/A | If no, flag for BCIS Review | U24253 10-13-05 |
| **Basis of Eligibility (Circle One):** Employment Family Asylee Refugee Syrian Indochina Cuban NACARA HRIFA DV LIFE Other | | | |
| Underlying Visa Petition Number # C. Filing | | | |
| Proper jurisdiction | Ⓨ N N/A | If no, flag for BCIS Review | |
| I-693 submitted in sealed envelope | Y Ⓝ N/A | Open if I-485 is to be accepted and assemble into the ROP NOT SUb | VT 34259 10-12-05 |
| Priority Processing Required - Age Out/DV | Y Ⓝ N/A | If yes, flag for BCIS Review | U24253 10-13-05 |
| Visa immediately available | Ⓨ N N/A | If no, flag for BCIS Review | |

| BCIS REVIEW | Circle One | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| Eligible for 245(i) | Y Ⓝ N/A | | |
| Accept I-485 Filing? | Ⓨ N N/A | If no, route the file for production of a reject notice.  **REJECT CALL UP:** | |
| Fee waiver granted? | Y Ⓝ N/A | | |

| CENTRAL INDEX SYSTEM/DATA ENTRY | Circle One | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| CIS search Done | Ⓨ N N/A | Applicant A# 97704901  File location  ESC | VT24260 10.20.5 |
| Multiple A#'s found | Y Ⓝ N/A | List A#'s | |
| A/T Files of Family Members Total number of I-485's ___2___ List A#s: | Ⓨ N N/A | List Additional A#'s 72422313 | |
| G-325A processing required and sent | Y Ⓝ N/A | | VT4367-L0/28/05 |
| Receipting completed | Ⓨ N N/A | Concurrently Filed Forms (Circle): 765 I131 601 212 ⓘ140 130 360 826 246 SuppA Other_____ | |
| External request performed | Y N N/A | Date request made | |

| FILE MAINTENANCE | Circle One | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| Underlying petition (130, 140, 360, 526) requested | Y N N/A | Date request made _____ | |
| 2nd. Underlying IV petition request | Y N N/A | Date request made | |
| Consolidate Receipt/T into A file | Ⓨ N N/A | Verify A-file relates VT3437 12.16.05 | VT24259 10.24.05 |
| Visa Petition consolidated | Ⓨ N N/A | | |
| 1st Request for Fingerprints | Y N N/A | Control # _____ Processing date | |
| 2nd. Request for Fingerprints | Y N N/A | Control # _____ Processing date | |

CAO # _____
Date: _____



10/24/2005    EAC-06-017-53137    EACJMC01

00324

09/31/2005

| SPECIAL PROGRAMS | Circle One | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| Systems Searches Completed | Y   N   N/A | **Records Found (Circle All That Apply):**<br><br>CAF     RAPS     NIIS     None | |

| ADJUDICATIONS<br>Complete for Principal or Derivative | Is it in the file &<br>acceptable?<br>(Circle One) | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| **Principal** | | | |
| I-797 | Y   N   N/A | | |
| Approved Underlying Petition | Y   N   N/A | | |
| Concurrent Filing | Y   N   N/A | | |
| Special Programs | Y   N   N/A | | |
| **Derivative** | | | |
| Evidence of relationship to principal | Y   N   N/A   INC | | |
| Evidence of principal's status | Y   N   N/A   INC | | |
| Dependent riding with principal | Y   N   N/A | | |
| **Adjudications Continued** | | | |
| Visa availability confirmed | Y   N   N/A   INC | If no, route to visa hold shelf | |
| G-325A (14 and over, under 79) | Y   N   N/A   INC | | |
| Public Charge (Employment Letter/ I-864/I-134) | Y   N   N/A   INC | | |
| Evidence of Admission?  (I-94, passport stamp, NIIS, etc.) | Y   N   N/A   INC | | |
| Statutorily eligible to adjust under: (Circle One)  209  245(a)  245(K) 245(i)  other  ineligible | Y   N   N/A   INC | | |
| Medical (I-693/Vaccination Supplement) | Y   N   N/A   INC | | |
| Fingerprint Clearance/FP Response Valid | Y   N   N/A   INC | Ensure FP results results within 15 months | |
| Country of Chargeability (Birth Certificate, Passport) | Y   N   N/A   INC | | |
| Special Requirements  - Health Care Credentials, I-508/I-566, INA 212(e), HRIFA | Y   N   N/A   INC | Explain | |
| File Type (A-file required for approval) | A   T | | |
| Security Checks Complete | Y   N   N/A | Ensure results still valid | |

| ADJUDICATIVE DECISION (cont.) | | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| Request for Evidence (RFE) (purged 12 weeks from date mailed) | | | |
| Intent to Deny (purged 33 days from date mailed) | | | |
| I-485 Denied | | | |
| Recommend Approval? | | Interview Waiver Criteria Met? | |
| I-485 Approved | | Visa requested & number in file / I-181 printed | |
| Update approval in CLAIMS | | | |
| Relocate I-485 to _____ | | Complete I-181s **and** attach relocation memo | |
| Other_____ | | | |

| WORKLOAD DISTRIBUTION | Circle One | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| Update Relocation in CLAIMS | Y   N   N/A | | |
| Electronically Transferred | Y   N   N/A | | |

| CLERICAL | Circle One | Remarks | Emp. I.D. # / Date |
|---|---|---|---|
| I-89 Processing | Y   N   N/A | | |

**Key:** INC = Incomplete (or Insufficient)

CAO # _____
Date: _____

00325
03/31/2003

10/24/2005  EAC-06-017-53174  EACJMC01

# I-140 Processing Worksheet

Mailroom/Data Entry: If any deficiencies below are encountered, annotate worksheet in the Remarks/Action Taken column, and send for INS Review.

| MAILROOM | Check Box if Deficient | Remarks/Action Taken | Emp. I.D. # / Date |
|---|---|---|---|
| No Name Present in Part 1 or Part 3 of the petition | ☐ | | |
| More Than One or No Lettered Box Checked in Part 2 of the petition | ☐ | | |
| Missing Address in Part 1 or Part 3 of the petition | ☐ | | |
| Incorrect Jurisdiction in Part 6 | ☐ | | |
| Missing or Incomplete Signature in Part 8 | ☐ | | |
| Fee is Missing/Incorrect | ☐ | | |
| Other | ☐ | | VT34209 10-12-05 |

Supervisor Signature (If necessary)

| DATA ENTRY | Check Box if Deficient | Remarks/Action Taken | Emp. I.D. # / Date |
|---|---|---|---|
| No Name Present in Part 1 or Part 3 of the petition | ☐ | | |
| More Than One or No Lettered Box Checked in Part 2 of the petition | ☐ | | |
| Missing Address in Part 1 or Part 3 of the petition | ☐ | | |
| Missing or Incomplete Signature in Part 8 | ☐ | | |
| Fee Missing/Incorrect | ☐ | | |
| Other | ☐ | | VTM207-10/24/05 |

Supervisor Signature (If necessary)

| INS REVIEW | Circle One | Remarks/Action Taken | Emp. I.D. # / Date |
|---|---|---|---|
| This file originated in the (Circle One): | | | |
| Mailroom | | | |
| Data Entry | | | |
| Reason for rejection: | | | |
| Accept filing? | Y  N | | |

| ADJUDICATIONS | Check Box if Deficient | Remarks/Action Taken | Emp. I.D. # / Date |
|---|---|---|---|
| CLAIMS/systems updated correctly | ☐ | | |
| Priority Dates and Classification Data Annotated Correctly | ☐ | | |
| Approval stamp signed and dated correctly | ☐ | | |
| Denial Annotated Correctly | ☐ | | |
| Missing/Incorrect Approval Phrase | ☐ | | |
| Adjustment of Status Requested | (Circle One) Y  N | | |

10/15/01

00326