U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services

HQBCIS 70/6.2.8 - P

425 I Street NW
Washington, DC 20536

JG 4 2003

MEMORANDUM FOR  SERVICE CENTER DIRECTORS, BCIS
                REGIONAL DIRECTORS, BCIS

FROM:    William R. Yates
         Acting Associate Director for Operations
         Bureau of Citizenship and Immigration Services
         Department of Homeland Security

SUBJECT: Continuing Validity of Form I-140 Petition in accordance with Section 106(c) of
         the American Competitiveness in the Twenty-First Century Act of 2000 (AC21)
         (AD03-16)

    The purpose of this memorandum is to provide field offices with guidance on processing Form I-485, Application to Register Permanent Residence or Adjust Status, when the beneficiary of an approved Form I-140, Petition for Immigrant Worker, is eligible to change employers under §106(c) of AC21.

    On January 29, 2001, the legacy Immigration and Naturalization Service's (Service) Office of Field Operations issued a memorandum entitled "*Interim Guidance for Processing H-1B Applications for Admission as Affected by the American Competitiveness in the Twenty-First Century Act of 2002, Public Law 106-313.*" On June 19, 2001, the Office of Programs issued a follow-up memorandum entitled "*Initial Guidance for Processing H-1B Petitions as Affected by the American Competitiveness in the Twenty-First Century Act (Public Law 106-313) and Related Legislation (Public Law 106-311) and (Public Law 106-396).*" On February 28, 2003, Immigration Services Division issued a memorandum entitled "*Procedures for concurrently filed family-based or employment-based Form I-485 when the underlying visa petition is denied.*" These memoranda remain in effect. On July 31, 2002, the Service published an interim rule allowing, in certain circumstances, the concurrent filing of Form I-140 and Form I-485. Previous Service regulations required an alien worker to first obtain approval of the underlying Form I-140 before applying for permanent resident status on the Form I-485. Institution of the concurrent filing process, and other issues relating to revocation of approval of Form I-140 petitions, have resulted in questions on how to process adjustment applications when the alien beneficiary claims eligibility benefits under §106(c) of AC21 due to a change in his or her employment.

Memorandum for Regional Directors, et. al.  Page 2
Subject: Guidance for Processing Form I-485 in Accordance with Section 106(c) of AC21

### A. Approved Form I-140 Visa Petitions and Form I-485 Applications

The AC21 §106(c) states:

A petition under subsection (a)(1)(D) [since re-designated section 204(a)(1)(F) of the Act] for an individual whose application for adjustment of status pursuant to section 245 has been filed and remained unadjudicated for 180 days or more shall remain valid with respect to a new job if the individual changes jobs or employers if the new job is in the same or a similar occupational classification as the job for which the petition was filed.

Accordingly, guidance in the June 19, 2001, memorandum provides that the labor certification or approval of a Form I-140 employment-based (EB) immigrant petition shall remain valid when an alien changes jobs, if:

(a) A Form I-485, Application to Adjust Status, on the basis of the EB immigrant petition has been filed and remained unadjudicated for 180 days or more; and

(b) The new job is in the same or similar occupational classification as the job for which the certification or approval was initially made.

This policy is still in effect and has not changed as a result of implementation of the concurrent filing process.

If the Form I-140 ("immigrant petition") has been approved and the Form I-485 ("adjustment application") has been filed and remained unadjudicated for 180 days or more (as measured from the Form I-485 receipt date), the approved Form I-140 will remain valid even if the alien changes jobs or employers as long as the new offer of employment is in the same or similar occupation.[1] If the Form I-485 has been pending for less than 180 days, then the approved Form I-140 shall not remain valid with respect to a new offer of employment.

### B. Provisions in Cases of Revocation of the Approved Form I-140

As discussed above, if an alien is the beneficiary of an approved Form I-140 and is also the beneficiary of a Form I-485 that has been pending 180 days or longer, then the approved

---

[1] AC21 also provides that any underlying labor certification also remains valid if the conditions of §106(c) are satisfied.

Memorandum for Regional Directors, et. al.                                Page 3
Subject: Guidance for Processing Form I-485 in Accordance with Section 106(c) of AC21

Form I-140 remains valid with respect to a new offer of employment under the flexibility provisions of §106(c) of AC21.

Accordingly, if the employer withdraws the approved Form I-140 on or after the date that the Form I-485 has been pending 180 days, the approved Form I-140 shall remain valid under the provisions of §106(c) of AC21. It is expected that the alien will have submitted evidence to the office having jurisdiction over the pending Form I-485 that the new offer of employment is in the same or similar occupational classification as the offer of employment for which the petition was filed. Accordingly, if the underlying approved Form I-140 is withdrawn, and the alien has not submitted evidence of a new qualifying offer of employment, the adjudicating officer must issue a Notice of Intent to Deny the pending Form I-485. *See* 8 CFR 103.2(b)(16)(i). If the evidence of a new qualifying offer of employment submitted in response to the Notice of Intent to Deny is timely filed and it appears that the alien has a new offer of employment in the same or similar occupation, the BCIS may consider the approved Form I-140 to remain valid with respect to the new offer of employment and may continue regular processing of the Form I-485. If the applicant responds to the Notice of Intent to Deny, but has not established that the new offer of employment is in the same or similar occupation, the adjudicating officer may immediately deny the Form I-485. If the alien does not respond or fails to timely respond to the Notice of Intent to Deny, the adjudicating officer may immediately deny the Form I-485.

If approval of the Form I-140 is revoked or the Form I-140 is withdrawn before the alien's Form I-485 has been pending 180 days, the approved Form I-140 is no longer valid with respect to a new offer of employment and the Form I-485 may be denied. If at any time the BCIS revokes approval of the Form I-140 based on fraud, the alien will not be eligible for the job flexibility provisions of §106(c) of AC21 and the adjudicating officer may, in his or her discretion, deny the attached Form I-485 immediately. In all cases an offer of employment must have been bona fide, and the employer must have had the intent, at the time the Form I-140 was approved, to employ the beneficiary upon adjustment. It should be noted that there is no requirement in statute or regulations that a beneficiary of a Form I-140 actually be in the underlying employment until permanent residence is authorized. Therefore, it is possible for an alien to qualify for the provisions of §106(c) of AC21 even if he or she has never been employed by the prior petitioning employer or the subsequent employer under section 204(j) of the Act.

Questions regarding this memorandum may be directed via e-mail through appropriate channels to Joe Holliday at Service Center Operations or to Mari Johnson in Program and Regulation Development.

Accordingly, the *Adjudicator's Field Manual (AFM)* is revised as follows:

1. Chapter 20.2 of the AFM is revised by adding a new paragraph (c) to read as follows:

Memorandum for Regional Directors, et. al.  Page 4
Subject: Guidance for Processing Form I-485 in Accordance with Section 106(c) of AC21

**20.2 Petition Validity.**

(c) <u>Validity after Revocation or Withdrawal</u>. Pursuant to the provisions of section 106(c) of the American Competitiveness in the Twenty-First Century Act (AC21), Public Law 106-313, the approval of a Form I-140 employment-based (EB) immigrant petition shall remain valid when an alien changes jobs, if:

- A Form I-485, Application to Adjust Status, on the basis of the EB immigrant petition has been filed and remained unadjudicated for 180 days or more; and

- The new job is in the same or similar occupational classification as the job for which the certification or approval was initially made.

If the Form I-140 has been approved and the Form I-485 has been filed and remained unadjudicated for 180 days or more (as measured from the form I-485 receipt date), the approved Form I-140 will remain valid even if the alien changes jobs or employers as long as the new offer of employment is in the same or similar occupation. If the Form I-485 has been pending for less than 180 days, then the approved Form I-140 shall not remain valid with respect to a new offer of employment.

Accordingly, if the employer withdraws the approved Form I-140 on or after the date that the Form I-485 has been pending 180 days, the approved Form I-140 shall remain valid under the provisions of §106(c) of AC21. It is expected that the alien will have submitted evidence to the office having jurisdiction over the pending Form I-485 that the new offer of employment is in the same or similar occupational classification as the offer of employment for which the petition was filed. Accordingly, if the underlying approved Form I-140 is withdrawn, and the alien has not submitted evidence of a new qualifying offer of employment, the adjudicating officer must issue a Notice of Intent to Deny the pending Form I-485. See 8 CFR 103.2(b)(16)(i). If the evidence of a new qualifying offer of employment submitted in response to the Notice of Intent to Deny is timely filed and it appears that the alien has a new offer of employment in the same or similar occupation, the BCIS may consider the approved Form I-140 to remain valid with respect to the new offer of employment and may continue regular processing of the Form I-485. If the applicant responds to the Notice of Intent to Deny, but has not established that the new offer of employment is in the same or similar occupation, the adjudicating officer may immediately deny the Form I-485. If the alien does not respond or fails to timely respond to the Notice of Intent to Deny, the adjudicating officer may immediately deny the Form I-485.

If approval of the Form I-140 is revoked or the Form I-140 is withdrawn before the alien's Form I-485 has been pending 180 days, the approved Form I-140 is no longer valid with respect to a new offer of employment and the Form I-485 may be denied. If at any time the BCIS revokes approval of the Form I-140 based on fraud, the alien will not be eligible for the job flexibility provisions of §106(c) of AC21 and the adjudicating officer may, in his or her discretion, deny the attached Form I-485

Memorandum for Regional Directors, et. al.                                                                                    Page 5
Subject: Guidance for Processing Form I-485 in Accordance with Section 106(c) of AC21

immediately. In all cases an offer of employment must have been bona fide, and the employer must have had the intent, at the time the Form I-140 was approved, to employ the beneficiary upon adjustment. It should be noted that there is no requirement in statute or regulations that a beneficiary of a Form I-140 actually be in the underlying employment until permanent residence is authorized. Therefore, it is possible for an alien to qualify for the provisions of §106(c) of AC21 even if he or she has never been employed by the prior petitioning employer or the subsequent employer under section 204(j) of the Act.

2. The *AFM* Transmittal Memoranda button is revised by adding the following entry:

| AD 03-16<br>[INSERT SIGNATURE DATE OF MEMO] | Chapter 20.2(c) | Provides guidance on the validity of Immigrant petitions under section 106(c) of AC21 (Public Law 106-313 |