UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK MAWALLA,      )
                                  )
                Plaintiff,     )
                                  )
                v.        )     Civil  Action  No. 06-0584 (RMC)
                                  )     ECF
MICHAEL CHERTOFF,      )
 SECRETARY,              )
 U.S. Dept. of Homeland Security, et al.,  )
                                  )
               Defendants.  )
_____)

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.  Introduction

In response to defendants' motion for summary judgment, plaintiff argues that the agency applied an erroneous interpretation of the USCIS regulations and the Immigration and Nationality Act, rendering "the American Competitiveness in the Twenty-First Century Act (AC21) completely ineffective and useless." See Response to Defendants' Motion for Summary Judgment ("Response") at 1 (emphasis deleted).  Plaintiff claims that USCIS's interpretation preemptively disqualifies all eligible aliens whom the remedial statute sought to protect from the benefits of AC21.  See Response at 2.  Plaintiff's argument is without merit because the USCIS correctly determined that his Form I-485, Application to Register Permanent Resident or Adjust Status, should be denied because it had been pending for only 141 days, not the requisite 180 days.

### II.  Standard of Review

Section 706 of the APA provides that a final agency action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C.

§ 706(2)(A); see Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 413-14 (1971).

Agency action enjoys a "presumption of regularity," and a plaintiff faces a heavy burden in

establishing that an agency's conduct violates this standard.  Id. at 415; American Fed. of Govt.

Employees v. Reagan, 870 F.2d 723, 727 & n. 33 (D.C. Cir. 1989) (reviewing cases).  It is a

basic tenet of administrative law that judicial review of informal agency adjudication is "narrow"

and the Court is not entitled to substitute its judgment for that of the agency.  Overton Park, 401

U.S. at 416; Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519, 558 (1978);

Doraiswamy v. Secretary of Labor, 555 F.2d 832 (D.C. Cir. 1976).

This case involves a decision of the USCIS construing the language of the INA and the

AC21, which is within the Department's statutory and regulatory authority.  If the Court

determines that the statutory provision is clear, the Court's inquiry ends.  Chevron, U.S.A., Inc.

v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843 (1984).  If the provision is silent

or ambiguous regarding a specific issue, the Court must consider "whether the agency's answer is

based on a permissible construction" of the statute.  Id.  To survive judicial scrutiny, the agency's

interpretation "need not be the best or most natural one," so long as it is reasonable.  Pauley v.

BethEnergy Mines, Inc., 501 U.S. 680, 702 (1991).  Indeed, the interpretation of a statute by the

agency charged with its administration generally is entitled to "great deference."  Udall v.

Tallman, 380 U.S. 1, 16 (1965).  Where the agency's interpretation is a reasonable one, the courts

"may not substitute [their] own construction of [the] statutory provision."  Fernandez v. Brock,

840 F.2d 622, 631 (9th Cir. 1988); accord, e.g., Shalala v. Guernsey Mem. Hosp., 514 U.S. 87,

94-95 (1995).

Similarly, courts must confer "substantial deference" upon "an agency's construction of

its own regulations." Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994); Lyng v. Payne, 476 U.S. 926, 939 (1986); see also American Train Dispatchers Assoc. v. ICC, 54 F.3d 842, 847 (D.C. Cir. 1995); Randolph-Sheppard Vendors of America v. Weinberger, 795 F.2d 90, 111 (D.C. Cir. 1986) ("The scope of the statute and the regulations promulgated thereunder should, in the first instance, be one for the agency charged with its administration."). The Court's role is not to ensure that the agency's application of its regulations to the facts is the most natural or logical, the only possible interpretation, or the one that the Court would have adopted in the first instance, but only that it is reasonable and consistent with the regulations. National Trust for Historic Preservation v. Dole, 828 F.2d 776, 782 (D.C. Cir. 1987); Belco Petroleum Corp. v. FERC, 589 F.2d 680, 685 (D.C. Cir. 1978). Thus, the USCIS's interpretation and application of Department regulations must be accepted "unless it is manifestly unreasonable." Liberty Maritime Corp. v. U.S., 928 F.2d 413, 419 (D.C. Cir.1991) (quoting National Wildlife Federation v. Gorsuch, 693 F.2d 156, 174 (D.C. Cir. 1982)). USCIS's technical expertise on these issues is entitled to a high level of deference and, because the USCIS decision is supported by a rational basis, should be upheld. See Community Nutrition Institute, 749 F.2d at 54 (D.C. Cir. 1984); Marsh v. Oregon Natural Resources Council, 490 U.S. 360 (1989); Berlex Laboratories, Inc., v. FDA, 942 F. Supp. 19 (D.D.C. 1996).

### III. Argument

Plaintiff challenges USCIS's denial of his Form I-485 application for adjustment of status. USCIS correctly denied plaintiff's Form I-485 application because it was not supported by a valid, unrevoked Form I-140 petition. Because plaintiff's adjustment application had been pending for less than 180 days (i.e., only 141 days) at the time petitioner Intelsat requested that

its Form I-140 petition be withdrawn, the Form I-140 was, per USCIS regulations, automatically revoked as of the date of the petition's approval.  As explained below, contrary to plaintiff's contention, had his adjustment application been pending for at least 180 days as of the time Intelsat had requested that its I-140 petition be withdrawn, USCIS's regulations would not have precluded plaintiff from benefitting from AC21.

In this case, the only relevant dates are as follows: (1) October 31, 2002, when USCIS approved the Form I-140 petition; (2) *April 29, 2004*, when plaintiff filed the Form I-485, application for adjustment of status; (3) *September 17, 2004*, when Intelsat withdrew the Form I-140; and (4) March 11, 2005, when USCIS advised Intelsat that the Form I-140 petition was automatically revoked as of October 31, 2002, the date of approval.  On June 29, 2005, USCIS denied plaintiff's I-485 (application for adjustment of status) because it had been pending for less than 180 days, i.e., from April 29, 2004, when plaintiff filed the Form I-485, to September 17, 2004, when Intelsat withdrew the I-140 petition, for a total of 141 days.

Section 204(j) of the Immigration and Naturalization Act, which is entitled "[j]ob flexibility for long delayed applicants for adjustment of status to permanent residence," applies only when a Form I-485 has been pending 180 days or more.  The purpose of this provision is clear from its title.  Congress, by enacting Section 204(j), determined that only delays of 180 days or longer would be sufficient to justify a change in the planned employer-employee relationship of the petitioner and the beneficiary.  Here, because plaintiff's Form I-485 was pending less than 180 days (i.e. only 141 days) at the time Intelsat withdrew its Form I-140 petition, plaintiff is ineligible to enjoy the benefits of AC21.

Plaintiff erroneously argues that the application of the automatic date-back regulation, 8

4

CFR 205.1(a)(3)(iii)(C), which was promulgated prior to the enactment of AC21, would always deprive the beneficiary of the benefits of AC21. However, the beneficiary of a Form I-140 petition, whose Form I-485 has been pending for 180 days or longer will, in fact, receive the benefits of job mobility and continued I-140 petition validity, as specified by AC21, even if the petitioner withdraws its Form I-140 petition. While not specifically mentioning 8 CFR 205.1(a)(3)(iii)(C), the Yates memorandum ensures that this regulation be applied in a manner entirely consistent with AC21. Specifically, the Yates memorandum states that "[i]f the approval of the Form I-140 is revoked *or the Form I-140 is withdrawn* before the alien's Form I-485 has been pending 180 days, the approved Form I-140 is no longer valid with respect to a new offer of employment and the Form I-485 may be denied." See Exhibit A to Defendants' Motion for Summary Judgment at 3 (emphasis added).

The Yates memorandum, therefore, reconciles any potential tension between the more recent statutory provisions of AC21 and the earlier promulgated regulation, 8 CFR 205.1(a)(3)(iii)(C). The memorandum provides that the benefits of job mobility and continued Form I-140 petition validity, apply only to applicants for adjustment of status whose Form I-485 has been pending for 180 days or longer, even in cases wherein the Form I-140 petitioner has withdrawn its petition, and the petition has been automatically revoked.

In the instant case, plaintiff is clearly ineligible for the benefits of AC21, since his adjustment application, filed on April 29, 2004, was pending for *less* than 180 days as of September 17, 2004, when his employer sent its letter of withdrawal. In sum, the evidence in the record supports the denial of plaintiff's Form I-485 by the USCIS, based on the lack of an underlying visa petition. The decisions made by the USCIS are not clearly erroneous, irrational,

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. The

action should be dismissed in its entirety.

## **CONCLUSION**

For the foregoing reasons, Defendants are entitled to a grant of summary judgment and the

Complaint should be dismissed with prejudice.

Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney



_____/s/_____
KAREN L. MELNIK, D.C. Bar No. 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0338